No. 4839.

ROSA EPSTEIN VS. MUTUAL AID AND BENEVOLENT LIFE INSURANCE ASSOCIATION.

If a policy of life insurance contain a stipulation that the assured shall pay a certain assessment within thirty days from the time that notice is given to him that said assessment is due, and that on his failure to pay said assessment, as stipulated, the policy shall be void, the stipulation will be upheld and enforced.

If the assured reside out of the city of New Orleans and the notice of the accrued assessment in writing is directed to him by the secretary of assurers to such address as the assured has left at the office of the secretary and mailed in the city of New Orleans, such notice will be held sufficient, and no evidence will be admitted to show that the assured did not receive the notice.

APPEAL from the Fifth District Court, parish of Orleans. *Cullom, J.* *B. R. Forman,* for plaintiff and appellant. *Ogden & Hill,* for defendants.

WYLY, J. Plaintiff appeals from the judgment rejecting her demand against the defendants for five thousand dollars on a policy of insurance taken out on the life of her husband, Lewis Epstein, on the second of July, 1872, the assured having died on the twentieth of January, 1873. The defense is, the policy was void, because the assured failed to comply with a condition precedent. The insurance was for a sum equal to one dollar for each enrolled member to the number of five thousand appearing on the books of the association in class "A" at the date of the death of the assured. By a clause of the policy it was stipulated that the assured "agrees to pay into the treasury at the office of the association in the city of New Orleans one dollar and twenty-five cents upon the death of a member enrolled in class "A" of the association within thirty days after" notice   *   *   *;   should the party whose life is hereby in-

Rosa Epstein vs. Mutual Aid and Benevolent Life Insurance Association.

sured reside out of New Orleans, then he shall be notified by written notice deposited in the postoffice in the city of New Orleans addressed to such address as has been left in writing at the office of the association with the secretary."

The policy also declares it to be a condition precedent that if the assured should fail to pay the assessment called for upon the decease of a member of the class "A" within the time mentioned "this policy shall become null and void." It is shown that a call was made on the tenth of December, 1872, on account of the death of a member of class "A," and that written notice thereof was deposited by the secretary of the association in the postoffice on the eleventh of December, 1872, in a letter addressed to the assured at Summit, Mississippi, the address left by him with the said secretary; and no payment was made in response to said call. Plaintiff has adduced evidence showing that the assured never received the notice. That may be true and still the policy become void, because the secretary complied with the terms of the contract when he deposited notice of the call in the postoffice. Plaintiff complains that the evidence of the secretary is inconclusive, but we find it sufficient and satisfactory. The policy became void by the terms thereof when the assured failed to pay after thirty days from the day the said notice was deposited in the postoffice by the secretary of the association, and this occurred prior to the death of the assured.

The view taken may seem harsh, but it is our duty to give effect to the stipulations of the contract which the parties voluntarily entered into.

Judgment affirmed.