# SECOND DEPARTMENT

### IN THE

## APPELLATE DIVISION,

## January, 1896.

ī    1
26ap572

KINGSLAND LAND COMPANY, Respondent, *v.* BENJAMIN H. NEWMAN,
Appellant.

*Bills and notes — the credibility of a bank cashier protesting a note presents a question for the jury — Laws 1857, chap. 416.*

Where an action is brought against the indorser of a promissory note and he defends upon the ground that he never received notice of protest, evidence of the cashier of the bank, at which the note was made payable, that he had duly deposited the notice of protest in the proper post office, is not conclusive.

The cashier of a bank, whose duty it is to protest a note, is not a disinterested witness, and where the question of the mailing of such a notice depends upon his testimony alone, and the indorser testifies that he did not receive the notice of protest, the question of the credibility of the cashier's testimony should be submitted to the jury, and it is erroneous to direct a verdict in favor of the holder of the note.

APPEAL by the defendant, Benjamin H. Newman, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 9th day of March, 1895, upon the verdict of a jury rendered by direction of the court after a trial at the Kings County Circuit.

*David Thornton,* for the appellant.

*James C. Bergen,* for the respondent.

BROWN, P. J. :

This action was brought to recover upon a promissory note made by Paul C. Grening and indorsed by the appellant and discounted by

the Commercial Bank of Brooklyn, and transferred to the respondent after maturity.

At the close of the testimony the trial court directed a verdict for the plaintiff, to which defendant excepted.

We are of the opinion that the court erred in holding as a question of law that notice of the presentation, demand and non-payment of the note by the maker had been given to the appellant. That question, upon the testimony, we think, was one of fact, and should have been submitted to the jury.

The note was payable at the Commercial Bank where Grening kept his account, and Mr. Vail, the cashier of the bank, and a notary public, testified that he presented it for payment and protested it for non-payment; that he made an entry of it in his record book of protested paper, and deposited a notice of non-payment and protest in the Brooklyn post office, postage prepaid, directed to the appellant at his residence, No. 425 Gates avenue, Brooklyn, N. Y.

The appellant testified that he resided at the address named, but that he never received the notice of the non-payment of the note. A certificate of the protest was attached to the note when produced in court, and it appeared on cross-examination of Mr. Vail that it had not been made at the date of the protest, but some time after, at the request of the counsel of the bank, and after the bank had failed and a receiver had been appointed.

It was of course of no importance whether or not the appellant received actual notice of the non-payment of the note. The statute (Chap. 416, Laws of 1857) provides that when the indorser of a promissory note resides in the city where the note is payable or legally presented for payment, that notice of the non-payment thereof may be served by depositing it, with the postage thereon prepaid in the post office of the city or town where such note was payable, directed to the indorser at such city.

The question presented was whether the notice of non-payment had been deposited in the post office. Vail testified that he personally deposited it, properly directed, with the postage prepaid. But the note was then held by the Commercial Bank, and Vail was its cashier and a notary public, who undertook to present and protest the commercial paper held by it. He was not a disinterested wit-

ness, and we are of the opinion that the credibility of his testimony was for the jury to determine.

In *Canajoharie Bank* v. *Diefendorf* (123 N. Y. 191), in speaking of the relation of a cashier to his bank, the court said :

" The claim that the plaintiff's cashier was a disinterested witness whose testimony must be regarded as controlling, if not contradicted, cannot be sustained.   *   *   *   He was the financial agent of the plaintiff, and   *   *   *   responsible to his principal for the care, fidelity and prudence with which he discharged his official duties. His interest in the transaction was co-extensive with that of the plaintiff, and brings him directly within the cases which hold that the credibility of such a witness is a question for the jury to determine."

We are of the opinion that Vail's relation to the bank was such that the jury should have been permitted to determine whether his testimony was to be believed.

The fact that the notice had not been received by the appellant, though it would have been of very little weight against the positive testimony of a disinterested person that it had been deposited in the post office, was yet a circumstance which, in this case, the appellant was entitled to have the jury consider.

For these reasons the judgment must be reversed and a new trial granted, with costs to abide the event.

All concurred.

Judgment reversed and new trial granted, costs to abide the event.