The defendants are therefore entitled to judgment, with costs. All concur.

---

## KINGSLAND LAND CO. v. NEWMAN.

(Supreme Court, Appellate Division, Second Department. January 21, 1896.)

WITNESS—CREDIBILITY—INTEREST IN CONTROVERSY.

The cashier of a bank who, as notary public, protests a note owned by the bank, is not a disinterested witness as to such transaction; and the credibility of his testimony, though not directly contradicted, is a question for the jury.

Appeal from circuit court, Kings county.

Action by the Kingsland Land Company against Benjamin H. Newman. From a judgment entered on a verdict directed by the court in favor of plaintiff, defendant appeals. Reversed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, and HATCH, JJ.

Alfred M. Britton, for appellant.

Thornton, Earle & Kiendle, for respondent.

BROWN, P. J. This action was brought to recover upon a promissory note made by Paul C. Grening, and indorsed by the appellant, and discounted by the Commercial Bank of Brooklyn, and transferred to the respondent after maturity. At the close of the testimony, the trial court directed a verdict for the plaintiff, to which defendant excepted.

We are of the opinion that the court erred in holding, as a question of law, that notice of the presentation, demand, and nonpayment of the note by the maker had been given to the appellant.

That question, upon the testimony, we think, was one of fact, and should have been submitted to the jury.    The note was payable at the Commercial Bank, where Grening kept his account; and Mr. Vail, the cashier of the bank, and a notary public, testified that he presented it for payment, and protested it for nonpayment; that he made an entry of it in his record book of protested paper, and deposited a notice of nonpayment and protest in the Brooklyn post office, postage prepaid, directed to the appellant at his residence, No. 425 Gates avenue, Brooklyn, N. Y.    The appellant testified that he resided at the address named, but that he never received the notice of the nonpayment of the note.    A certificate of the protest was attached to the note when produced in court, and it appeared on cross-examination of Mr. Vail that it had not been made at the date of the protest, but some time after, at the request of the counsel of the bank, and after the bank had failed and a receiver had been appointed.    It was, of course, of no importance whether or not the appellant received actual notice of the nonpayment of the note.    The statute (chapter 416, Laws 1857) provides that, when the indorser of a promissory note resides in the city where the note is payable or legally presented for payment, notice of nonpayment thereof may be served by depositing it, with the postage thereon prepaid, in the post office of the city or town where such note was payable, directed to the indorser at such city.

The question presented was whether the notice of nonpayment had been deposited in the post office.    Vail testified that he personally deposited it, properly directed, with the postage prepaid.    But the note was then held by the Commercial Bank, and Vail was its cashier and a notary public, who undertook to present and protest the commercial paper held by it.    He was not a disinterested witness, and we are of the opinion that the credibility of his testimony was for the jury to determine.

In Bank v. Diefendorf, 123 N. Y. 191, 25 N. E. 402, in speaking of the relation of a cashier to his bank, the court said:

"The claim that the plaintiff's cashier was a disinterested witness, whose testimony must be regarded as controlling if not contradicted, cannot be sustained. * * * He was the financial agent of the plaintiff, and responsible to his principal for the care, fidelity, and prudence with which he discharged his official duties. His interest in the transaction was coextensive with that of the plaintiff, and brings him directly within the cases which hold that the credibility of such a witness is a question for the jury to determine."

We are of the opinion that Vail's relation to the bank was such that the jury should have been permitted to determine whether his testimony was to be believed.    The fact that the notice had not been received by the appellant, though it would have been of very little weight against the positive testimony of a disinterested person that it had been deposited in the post office, was yet a circumstance which, in this case, the appellant was entitled to have the jury consider.

For these reasons, the judgment must be reversed, and a new trial granted, with costs to abide the event.    All concur.