DUFFY v. INSURANCE COMPANY.

(Filed September 25, 1906).

*Insurance—By-Laws—Notice of Assessments—Burden of Proof—Evidence.*

1. A by-law of an assessment insurance company providing that notice may be given members of assessments by mailing, properly addressed, is valid and binding upon the members.

2. When the duty is imposed upon the company to mail the notice of assessments, in order to sustain a forfeiture it must show affirmatively that the notice was mailed, properly addressed, within the time fixed.

3. The by-laws of such association when assented to by the members, as provided in the charter, constitute the measure of duty and liability of the parties, provided they are reasonable and not in violation of any principle of public law.

4. Whether a by-law is reasonable is a question of law for the Court.

5. A by-law of an assessment insurance company, providing that the certificate of the treasurer or bookkeeper shall be taken as conclusive evidence of the fact of mailing the notice of the assessment, is unreasonable and invalid.

6. In an action for the wrongful cancellation of an insurance policy, where the policy contained a provision that mailing the notice, properly addressed, shall be a sufficient notice of assessments, it was competent for the plaintiff to testify that he never received any notice of the assessment for the failure to pay which the policy was cancelled.

ACTION by Charles Duffy, Jr., against the Fidelity Mutual Life Insurance Company, heard by *Judge E. B. Jones* and a jury, at the October Term, 1905, of the Superior Court of CRAVEN.

This action is prosecuted by plaintiff for the alleged wrongful cancellation of a policy of insurance by defendant, plaintiff claiming as damages the premiums paid and interest thereon. Defendant admitted the cancellation and justified by alleging that plaintiff having failed to pay premium when due, the policy, by its terms, became void.

The controversy arises upon the question whether the notice of the assessment was given to plaintiff according to the terms of the policy and by-laws of the association. The two issues material to be considered in disposing of this appeal, are:

1. Was a notice of assessment of 1 July, 1903, which was payable 31 July, 1903, duly directed to the plaintiff at New Bern, North Carolina, which address appeared at the time on the books of the company, deposited on 1 July, 1903, postage prepaid, in the post-office in Philadelphia? Answer: No.

2. Was the notice of 1 July, 1903, assessment received by plaintiff at his address in New Bern, N. C.? Answer: No.

It was in evidence that at the date of the policy, 12 April, 1883, and by its terms the assessments were due and payable to Joel Kinsey, trustee, at New Bern, N. C.; that payments were made to said trustee until some time prior to 1 July, 1903, when the by-law was so amended that the assessment became payable to the company in Philadelphia. That after the change in the by-law, plaintiff made several payments of assessments by sending same to Philadelphia.

Defendant introduced Art. V, sec. 9, of the by-laws, as amended, as follows: "A printed or written notice directed to the address of a member, as it appears at the time on the books of the association, and deposited in the office at Philadelphia, shall be deemed a legal and sufficient notice of mortuary calls and dues. A certificate made by the treasurer or bookkeeper showing such facts shall be taken and accepted as conclusive evidence of the mailing of such notice."

Defendant thereupon introduced a certificate made by O. C. Bosbyshell, treasurer, stating that on 1 July, 1903, a notice of assessment, directed to the plaintiff, was deposited in the post-office of the city of Philadelphia, enclosed in an envelope, postage prepaid, etc., concluding: "And this certificate is made by me, the treasurer of said company, in conformity with the by-laws of the said association, which are a

part of said policy; and attached hereto is a true and correct transcript of the records of the company made at that time, showing the mailing of such notice, being the affidavit of the mailing clerk," etc. Following this certificate is the affidavit of S. E. Haines, clerk, who states that he has charge of the preparation and mailing of notices for premiums upon policies issued by defendant. That on 7 July, 1903, he deposited the notices referred to in certain sheets attached, addressed to the persons named, etc. This affidavit bears date 1 July, 1903, and attached thereto is a sheet showing notice of assessment mailed to plaintiff at New Bern. N. C. There is no controversy regarding the amount of the assessment.

Plaintiff was asked the following question: "Did you ever receive any notice or demand for the payment of assessment for 1 July, 1903?" Defendant objected; objection overruled. Defendant excepted. Answer: "I have never received a notice for July, 1903."

The defendant requested certain special instructions, which are set out in the opinion. The jury answered both issues in the negative. From a judgment upon the verdict, the defendant appealed.

*W. D. McIver* and *O. H. Guion* for the plaintiff. ·
·*Hinsdale & Son* and *W. W. Clark* for the defendant..

CONNOR, J., after stating the case: In the view which we take of this appeal, several of the questions presented by the exceptions and argued in the brief become immaterial.

The inquiry to which the first issue is directed lies at the threshold of the controversy. The answer to that question, in our opinion, is decisive of the case. The authorities cited by the learned counsel for defendant fully sustain the validity of the contract contained in the policy, declaring that by mailing the notice, properly addressed, to the plaintiff, the

defendant discharges its duty in that respect. The authorities are practically uniform in holding that a by-law of an assessment insurance company providing that notice may be given members of assessments by mailing, properly addressed, is valid and binding upon the members. *Yoe v. Mutual Ben. Assn.,* 63 Md., 86; *Epstein v. Mutl. Aid Ben. Assn.,* 28 La. Ann., 938; Niblack Ben. Soc., sec. 260.

It is equally well settled that the by-laws of such association when assented to by the member, as provided in the charter, constitute the measure of duty and liability of the parties, provided they are reasonable and not in violation of any principle of public law. There was evidence proper for the consideration of the jury tending to show that Dr. Duffy knew of the change in the by-law by which the assessment became payable in Philadelphia. The authorities are uniformly to the effect that when the duty is imposed upon the company to mail the notice, in order to sustain a forfeiture it must show affirmatively that the notice was mailed, properly addressed, within the time fixed. "The giving of the notice is a condition precedent, and good standing is not lost by a failure to pay an assessment of which no notice was given through the fault or misconduct of a supreme lodge, or society, or its officers." Niblack on Ben. Soc., sec. 257. In the absence of any contract, or by-law, to the contrary, actual notice must be shown, not only mailing, but the receipt of the notice. But, as we have seen, the parties here have contracted that mailing shall be taken as notice.

The defendant seeks to show conclusively by the certificate of the treasurer that the notice was mailed, and excepts to the testimony of plaintiff that it was not received. For the purpose of sustaining this exception the defendant relies upon the by-law declaring that such certificate shall be taken as conclusive evidence of the fact of mailing. This contention presents the question whether the by-law so providing is valid.

There can be no question that a corporation may make reasonable by-laws not inconsistent with its charter. "In its operation between the corporation and its members, a by-law, in order to be valid, must not be unreasonable, oppressive or extortionate." 10 Cyc., 357; *Allnutt v. Sub. High Court,* 62 Mich., 110. Whether a by-law is reasonable is a question of law for the Court. *Ib.,* 358.

A diligent investigation by the learned and industrious counsel for both parties, and ourselves, fails to discover any authority or discussion of the exact question presented by this appeal. The numerous cases sustaining contracts by which the parties agree to submit questions arising between them to arbitration, or to the estimate of one or more persons chosen in advance, give us but little aid in the solution of this question.

"By-laws restricting the right to sue in the courts are generally void." 10 Cyc., 361.

While the by-law relied upon by defendant does not in express terms undertake to deprive the plaintiff of his right, in common with all other citizens, to sue in the courts for redress of his grievance, the practical effect of the right claimed to close the door to inquiry in respect to the controverted fact is to keep the promise to the ear and break it to the heart. If one of the officers of the corporation may, by an *ex-parte* unsworn certificate, conclusively close an inquiry into the fact, it would be an idle thing to go into court and impanel a jury, only to be told that no evidence will be heard by them.

While courts will, and should, cautiously exercise the power of declaring contracts, solemnly made by parties, void as being unreasonable, they should at the same time carefully scrutinize contracts the purpose and effect of which is to prevent the citizen from having his rights passed upon and enforced by the courts of the State, by the means and methods

which experience has shown to be best adapted to that purpose. It would seem that to sustain a by-law making such certificate presumptive evidence is as far as the courts should go in that direction.

Without attributing to the officer any corrupt motive, we cannot fail to recognize the truth, taught by experience, that those whose duty requires the daily mailing of large numbers of letters cannot retain any personal memory of the particular letters mailed, and are compelled to rely upon the record made by them at the time. Such record should have, and always does have, great weight in establishing the fact recorded. It has never been held that such records made by persons engaged in private business are conclusive evidence of such facts. Based upon reasons of public policy, certain public records import absolute verity, and may not be contradicted; but such reasons do not extend to private entries. The rules of evidence are relaxed to the extent of permitting them to be introduced as entries, within well-defined limitations. *Ins. Co. v. Railroad,* 138 N. C., 42; Greenleaf Ev., sec. 120. To go beyond this and allow private corporations, by means of by-laws, to make acts of their own officers conclusive evidence, is, so far as our researches inform us, without precedent, and we think would be an unreasonable and dangerous innovation upon common right.

It will be observed that the by-law does not require the certificate of the treasurer to state a fact within his own knowledge; he is not required to certify that *he* mailed the notice or that he saw some other person do so; but may, as in this case he undertook to do, rely upon the statement of an office boy or any other servant or employee of the company. Certainly, to permit such certificate to have the conclusive effect claimed would put every member of the defendant company in the absolute power of the corporation.

It is said that there is a presumption, founded upon experience, that a letter duly posted, prepaid and properly addressed, reaches its destination. The jury have found upon the second issue that Dr. Duffy never received the notice. It appears from the mailing-sheet that other notices mailed at the same time were received. The only reasonable explanation of this condition of the matter is that the notice was not mailed. The burden of proof was on the defendant to show the mailing.

There is another view of the question upon which we think the testimony was competent. If a by-law of this character were valid, it should certainly be construed strictly and the certificate be required to comply with its terms. After stating the facts in regard to the mailing, the treasurer proceeds to say: "This certificate is made by me, the treasurer of said company, in conformity with the provisions of the by-laws of the said association, which are a part of said policy; and attached hereto is a true and correct transcript of the record of the company made at that time, showing the mailing of such notice, being the affidavit of the mailing clerk, and one of the sheets referred to therein." It is thus made apparent that he is relying upon the affidavit of Mr. Haines, which is attached to this certificate. His statement, therefore, is based upon hearsay, and we are thus invited to make a second departure from well-settled rules of evidence. To do so would further endanger the rights of the members of the association.

We have carefully examined the numerous cases cited by counsel for the defendant, and, as conceded by them, they do not decide the question presented upon this record. The recognition by the courts, of contracts to submit questions to arbitration, is based upon a principle not applicable to this case.

We are of opinion that his Honor committed no error in admitting the testimony of Dr. Duffy. The jury having found the fact against the defendant's contention, upon the

first issue, it is unnecessary to consider the other questions discussed in the brief. The by-law relied upon is unreasonable and invalid. Upon an examination of the entire record we find

No Error.