## ALBERT DeVRIES v. SPRING VALLEY TOWNSHIP MUTUAL FIRE INSURANCE COMPANY.[1]

June 11, 1926.

No. 25,419.

**Question for jury.**
Whether a notice of assessment was mailed by the defendant insurance company to the plaintiff insured was for the jury.

Fire Insurance, 26 C. J. p. 550 n. 86.
Trial, 38 Cyc. p. 1520 n. 72.

---

See note in 7 L. R. A. (N. S.) 238; 14 R. C. L. p. 986.
See note in 25 A. L. R. 19.

Action in the district court for Mower county on an insurance policy.  The case was tried before Peterson, J., and a jury which returned a verdict in favor of plaintiff.  Defendant appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial.  Affirmed.

*F. G. Sasse* and *R. A. Dunnette,* for appellant.
*Arthur W. Wright* and *Martin A. Nelson,* for respondent.

DIBELL, J.
Action on an insurance policy.  There was a verdict for the plaintiff.  The defendant appeals from the order denying its alternative motion for judgment or a new trial.

[1]Reported in 209 N. W. 325.

On July 23, 1924, the plaintiff sustained a fire loss of $405 on his farm property. He had an effective policy in the defendant company unless forfeited by nonpayment of an assessment due June 5, 1924; and the fact of forfeiture depends upon whether a notice of assessment had been mailed him by the company 30 days prior thereto. It is conceded, if we understand counsel, that under the by-laws the mailing of the notice was the one requisite, the receipt immaterial, and that if the notice was mailed forfeiture resulted from nonpayment, wherein Clark v. Rochester F. M. F. Ins. Co. 161 Minn. 476, 201 N. W. 930, and cases there cited, are distinguished. The notice of course must have been a properly addressed notice and actually mailed.

The secretary of the insurance company, who lived a short distance out of Spring Valley, testifies that he mailed the notice. There were some 2,700 sent. It took him some·little while to arrange them. The work was done methodically and was checked. His testimony is positive that the notice to the plaintiff was deposited in the Spring Valley post office. He has no recollection of the particular notice. He speaks from the general course of business. He says there could not have been a mistake. He had been secretary of the company for 25 years, and the evidence suggests that he was efficient and painstaking.

The plaintiff received his mail by rural delivery from Racine, a post office some 10 miles from Spring Valley. His testimony is positive that he did not receive the notice. A jury could infer that if it had been mailed it would have been received. Such is the likely result, though mail does go astray sometimes. The plaintiff, like the secretary of the defendant, was an interested witness. This was a factor in weighing the evidence of each. Kingsland Land Co. v. Newman, 1 App. Div. 1, 36 N. Y. Supp. 960. The evidence is forceful that the notice was deposited by the secretary in the post office at Spring Valley. It is forceful that it was not received by the plaintiff. The burden of proving the mailing of a properly addressed notice was upon the defendant. The evidence made the fact for the jury. We note as instructive, though not controlling,

Jackson v. Northwestern Mut. R. Assn. 78 Wis. 463, 47 N. W. 733; Duffy v. Insurance Co. 142 N. C. 103, 55 S. E. 79, 7 L. R. A. (N. S.) 238; Note 25 A. L. R. 1, 9.

Order affirmed.