**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,**

**v.**

**Richard M. CHANEY, Appellee.**

**No. 6107.**

United States Court of Appeals
Tenth Circuit.

Nov. 16, 1959.

Clayton B. Pierce, Oklahoma City, Okl. (Pierce, Mock, Duncan, Couch & Hendrickson, Oklahoma City, Okl., of counsel, on the brief), for appellant.

C. D. Van Dyck, Jr., Chickasha, Okl., for appellee.

Before BRATTON, LEWIS and BREITENSTEIN, Circuit Judges.

LEWIS, Circuit Judge.

The appellant insurance company complains of an adverse judgment entered summarily upon stipulated facts submitted to the United States District Court for the Eastern District of Oklahoma. The single question presented is whether or not a policy of automobile insurance issued to the appellee had been

effectively canceled by the insurance company[1] prior to the date of loss occasioned to the insured.

Pursuant to appellee's application for automobile insurance and payment of the requisite premiums, State Farm issued its policy to appellee upon December 12, 1957, and delivered the policy January 5, 1958, by mailing it to the address declared by the insured in his application to be his residence and mailing address, Box 548, Powell, Wyoming. The application indicated this to be a motel. While the policy was admittedly in full force and effect, the insured was involved in an accident near Chickasha, Oklahoma on February 27, 1958, and filed a claim report with the company upon the next day. On this report the insured declared his address to be Box 548, Powell, Wyoming, 2910 N.W. 72 Street, Oklahoma City, Oklahoma. The report also designated the appellee as driver of the insured vehicle at the time of this accident and his address as "U-Lodge—South 4th Street, Chickasha, Oklahoma." The claim was paid by the company on March 10, 1958, by check payable to the insured and the Chickasha Motor Company, Inc. Presumably this company repaired the automobile of insured.

On March 4, 1958, that is after receipt of the insured's claim from the February 27 accident and before payment of the claim, the company sent a cancellation notice with premium refund check to the insured at Box 548, Powell, Wyoming. Date of cancellation was stated to be March 17. The letter of cancellation was delivered to the Wyoming address, opened by the renter of the post office box, one Whitlock, and retained by him until April 1, 1958. The letter was then returned to the company with a note to the effect that the letter had been opened by mistake by Whitlock, retained by him in the expectation that he could deliver it to the insured but that he had been unable to do so and was consequently returning it to the company. The company did nothing further except to hold the refund check and the insured received no actual notice of the company's election to cancel. On April 20 the insured was involved in a second accident which premises the instant claim.

The parties agree that the validity of appellee's assertion of insurance coverage for damage occasioned in the second accident, disclaimed by the insurance company for prior policy cancellation, is controlled by the law of the forum, Oklahoma. The trial court in reliance upon Great American Indemnity Co. v. Deatherage, 175 Okl. 28, 52 P.2d 827 and Farmers Ins. Exchange v. Taylor, 10 Cir., 193 F.2d 756 held that actual delivery to the insured of the company's notice of cancellation was necessary to effectuate that election under Oklahoma law. Since the insured had not received actual notice of the company's election to cancel prior to suffering the loss of April 20, the judgment was entered summarily establishing the liability of the appellant company. We believe that a more recent expression by the Supreme Court of Oklahoma indicates that the reliance of the trial court upon the cited cases was misplaced.

In Midwestern Ins. Co. v. Cathey, 262 P.2d 434, the Oklahoma Supreme Court specifically holds that receipt of the notice of cancellation by the insured is not a prerequisite to cancellation when the company has actually mailed the notice in strict compliance with the policy pro-

---

1. The policy provision relating to cancellation by the company provided:

"*Cancellation.*
*      *      *      *      *

"The company may cancel this policy by written notice addressed to the insured named in the declarations and mailed to the address shown therein, stating when not less than ten days thereafter cancellation shall be effective. Such notice of cancellation shall be sufficient notwithstanding the death of the insured named in the declarations.

"The mailing of the notice shall be sufficient proof of notice and the effective date and hour of cancellation stated therein shall become the end of the policy period. Delivery of written notice shall be equivalent to mailing. *  *  * "

vision. The Deatherage case and the Taylor case are both specifically discussed by the court and distinguished upon the facts. The Oklahoma court points out that in both such earlier cases the insurance company failed in its burden of showing that the cancellation notice had been mailed. Dictum in the Deatherage case beyond its actual holding was disapproved as misleading. In the Midwestern case, as here, the fact of mailing of notice was undisputed and upon such factual background the court stated:

"Under the provision, the assured assumed the risk of receiving the notice when properly mailed to him at the address given in the policy. Under a policy containing the provision involved herein, it would place an unreasonable and unfair burden on the company to say that notice of the cancellation must be actually delivered to the assured. To make such a requirement would be placing additional words in the policy far beyond the actual terms of the policy agreed to by the parties." [262 P.2d 436.]

It remains then to consider whether or not the information received by the present appellant through the events of the insured's first accident changes the company's obligation under the basic policy.

In the procedures leading to the amicable settlement of the insured's claims arising from the first accident he gave three addresses. One was the Powell, Wyoming address as listed in the basic policy; the other two were differing Oklahoma addresses. In order to comply with the basic contract provision for cancellation by mail it is most apparent that strict compliance with the contract would require that notice be sent to the Wyoming address as set forth in the policy and repeated by the insured as being his address in his claim of loss. And to hold, as appellant contends, that the listing of additional addresses constitutes notice of a change of address or places an additional burden upon the company to effectively cancel by mail

would be to arbitrarily rewrite the contract. During the course of the life of an insurance policy the company may receive many communications from its policyholders from addresses different from that listed in the policy. Claim for loss under automobile insurance may arise at any place and the claim is usually made from the point of loss. To require the company to search its files to ferret out possible addresses other than that declared by the insured would nullify the express contract provision and place a pyramiding duty upon the company the practical effect of which would require actual delivery of the notice to the insured. Under Oklahoma law this is not required.

As stated in Gendron v. Calvert Fire Ins. Co., 47 N.M. 348, 143 P.2d 462, 465, 149 A.L.R. 1310, a case cited by the Oklahoma Supreme Court in the Midwestern decision, supra:

"There is much reason to be advanced in support of a practise of embodying in the policy of insurance a permanent address to which all necessary mail and notices may be sent to the insured. It is common knowledge that the insured, although having a permanent address in a place where the policy is issued, may travel widely and that he may be involved in accidents in places far removed from the place of his residence. These accidents are adjusted and the loss therefor paid, usually, in a place convenient to both the insured and the adjusting agency representing the company.

"What would have been the result if notice of cancellation had been sent to the insured at his present Albuquerque address and he had not received it? He could very properly have complained that the cancellation was not effective because it was not attempted in strict compliance with the terms of the policy. This is not to say that the address of the policy might not be changed if properly brought to the attention of the company and a sufficient request

made therefor, thereby indicating a clear intention that the insured would no longer rely upon contact with the insurer through letters mailed and to be forwarded from the address originally shown on the policy."

Reversed.