Ronald K. RICHARDSON, Plaintiff-Appellant,

v.

Geneva BROWN, Defendant,

Allstate Insurance Company, Garnishee-Appellee.

No. 291-70.

United States Court of Appeals, Tenth Circuit.

June 14, 1971.

Michael C. Stewart, Oklahoma City, Okl. (Rinehart, Cooper & Stewart, Oklahoma City, Okl., on the brief), for plaintiff-appellant.

Kenneth N. McKinney, Oklahoma City, Okl., for garnishee-appellee.

Before BREITENSTEIN, HILL, and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Plaintiff-appellant Richardson recovered a $17,000 default judgment against Geneva Brown for injuries sustained in a January 11, 1969, Oklahoma automobile accident. In the state court proceedings Richardson garnisheed appellee Allstate Insurance Company and asserted that Allstate had insured Brown. Allstate removed the case to federal court on diversity grounds. On Allstate's motion for summary judgment, the trial court held that the policy had been cancelled before the accident and dismissed the garnishment.

On November 4, 1968, Brown applied to an Oklahoma agent of Allstate for automobile liability insurance and was given a binder to provide temporary coverage. A policy was issued to Brown on November 6. Brown claims that she never received it. On December 4, Allstate mailed to Brown a notice of policy cancellation along with a refund check. Brown asserts that she did not receive either the notice or the check.

The policy provided that the insurer may cancel by mailing to the insured "at his address shown in this policy" a notice effective not less than ten days thereafter and that "mailing of notice shall be sufficient proof of notice and the effective date and hour of cancellation stated in the notice shall become the end of the policy period."

The cancellation resulted from information received by the insurer's underwriting department and was effective

December 16, 1968, more than three weeks before the accident in which Richardson was injured. In support of its summary judgment motion Allstate submitted the affidavit of one of its supervisors which said that the letter containing the cancellation notice was delivered to the post office on December 4 and that a post office receipt therefor was obtained. Attached to the affidavit is a copy of the cancellation letter and a copy of certificate of mailing signed by one Dobbs for the Dallas, Texas, postmaster and stamped December 4, 1968. The certificate shows that the letter was addressed to the insured at her policy address.

The garnishor, Richardson, argues that the only contract between the insured and the garnishee insurer was the binder because the policy was never received. The answer is that the binder coverage was limited to 30 days and expired more than a month before the accident to Richardson. Additionally, 36 O.S.1961, § 3622B, provides that no binder shall be valid beyond the issuance of the policy with respect to which it was given. The garnishor does not dispute the fact that Allstate issued the policy.

The effect of the cancellation clause is attacked on the ground that it was never agreed to by the insured. Reliance is had on 15 O.S.1961, § 138, which provides that a contract in writing takes effect upon delivery to the party in whose favor it is made. Here an application was signed, a premium paid, and a binder issued. The insurer accepted the application and executed the policy. This is enough. Delivery of the policy is not essential to its enforceability. See Central Life Ins. Soc. of the United States v. Pyburn, 97 Okl. 141, 222 P. 683, 685. Moreover, if the policy never became effective, the garnishment fails.

We recognize the rule that an enforceable contract requires a meeting of the minds on the essential elements of the contract. See Massachusetts Bonding & Ins. Co. v. R. E. Parsons Electric Co., 8 Cir., 61 F.2d 264, 268. There is no evidence that the insured would have rejected the policy if, after receipt, she had read and was unwilling to accept the cancellation clause. There is no intimation that the method of giving notice of cancellation was an essential element of the contract, and there is no claim of fraud or other misconduct on the part of the insurer. Cf. Perez v. Fort Worth Mut. Benev. Ass'n., Tex.Ct. Civ.App., 291 S.W. 574. The effort of the garnishor, not the insured, to eliminate the cancellation provisions and thus rewrite the policy to meet his desires does not impress us.

The main thrust of the garnishor's argument is that the insured's affidavit of non-receipt of cancellation notice creates a factual issue which may not be resolved on a motion for summary judgment. The theory is that the post office certificate creates a presumption of mailing which is rebutted by the insured's affidavit of non-receipt which in turn creates a presumption of non-mailing. The claimed result is that a factual issue remains to foreclose summary judgment.

In Midwestern Ins. Co. v. Cathey, Okl., 262 P.2d 434, the Oklahoma Supreme Court had before it the meaning and application of a cancellation provision substantially the same as that in the policy here. The letter containing the cancellation notice was returned by the postal authorities to insurer with the notations "not here" and "unknown at address." The garnishor contended that cancellation was not effected because of nondelivery of the notice to the insured. The court said that the cancellation provision was not ambiguous, unreasonable, or unjust and that the insured assumed the risk of receipt of the notice when properly mailed to the address given in the policy. The court held that actual delivery of the notice was not required and that to make such requirement would place additional words in the policy far beyond its terms. Ibid at 436. In so holding the court distinguished

the Midwestern case from Great American Indemnity Co. v. Deatherage, 175 Okl. 28, 52 P.2d 827, and Farmers Ins. Exchange v. Taylor, 10 Cir., 193 F.2d 756.

In State Farm Mutual Automobile Insurance Company v. Chaney, 10 Cir., 272 F.2d 20, we considered a case arising in Oklahoma where the policy cancellation provision was similar to the one here presented and, on the authority of Midwestern, held that receipt of cancellation notice was not a prerequisite to cancellation when the insurer had actually mailed the notice in accordance with policy provisions. To the same effect is Gilmore v. Grand Prix of Tulsa Corporation, Okl., 383 P.2d 231, 234–235.

Under the authorities cited, the insurer must prove mailing but is not required to establish receipt. We have here direct proof of mailing in the certificate executed by the postal employee, a disinterested party. The affidavit of the insured, an interested party, goes only to non-receipt. The contention is that non-receipt raises a presumption of non-mailing and hence creates a factual issue. For support reliance is placed on Jensen v. Traders & General Insurance Company, 141 Cal.App.2d 162, 296 P.2d 434, 436, and cases there cited.[1] That decision calls attention to the New York cases of Kingsland Land Co. v. Newman, 1 App.Div. 1, 36 N.Y.S. 960, where proof of mailing came from an interested party and the court held that his credibility was for the jury, and Trusts & Guarantee Co., Ltd. v. Barnhardt, 270 N.Y. 350, 1 N.E.2d 459, 461–462, which held that evidence of non-receipt was incompetent to contradict the certificate of a disinterested party.

Summary judgment may not be granted unless "there is no genuine issue as to any material fact and * * * the moving party is entitled to a judgment

as a matter of law." Rule 56(c), F.R. Civ.P. On the record presented we have a disinterested party's written certificate of mailing. In our opinion it is conclusive and no genuine issue is presented by inference or presumption arising from the affidavit of an interested party. The presumption cannot prevail over the direct proof. We are convinced that the grant of summary judgment was proper.

Affirmed.

---

1. When the Jensen case returned to the California court of appeals, 338 P.2d 517, the court held that the policy provision for cancellation on mailing of notice contravened California public policy. Later the California Supreme Court vacated the court of appeals opinion, and, after citing with approval the Oklahoma Midwestern case, held that cancellation became effective upon mailing of notice. See Jensen v. Traders & General Insurance Company, 52 Cal.2d 786, 345 P.2d 1.