## NORMAN T. BLIXT v. CIVIL SERVICE BOARD, STATE OF MINNESOTA.

210 N. W. 2d 230.

August 24, 1973—No. 43857.

*Richard A. Emerick,* for appellant.

*Warren Spannaus,* Attorney General, *Curtis D. Forslund,* Solicitor General, *C. Paul Faraci,* Deputy Attorney General, and *J. David Prince,* Special Assistant Attorney General, for respondents.

PER CURIAM.

Petitioner appeals from an order of the Ramsey County District Court dismissing his petition for review of a determination of the Civil Service Board.

Employee was dismissed effective October 31, 1969, from his position with the Minnesota Department of Conservation. On appeal, the Civil Service Board upheld the dismissal by an order dated April 2, 1970. A petition for review by the district court was filed on May 6, 1970.

Believing that the filing of the petition for review may not have been within the permissible 30-day period,[1] the district court requested from the parties all information they might have regarding the date of mailing of the findings and order of the Civil Service Board. The only probative response to this inquiry was the statement of the person responsible for the preparation and mailing of all such orders. She stated that in her 17 years of employment, without exception, all orders of the board have been mailed on the date signed. The district court found that the order of the board had been mailed on April 2, 1970. As the fil-

---

[1] Minn. St. 15.0424, subd. 2(a).

ing on May 6, 1970, was therefore subsequent to the statutory limit by one day,[2] the petition for review was dismissed.

Failure to both serve and file the petition for review within the time provided by statute deprives the district court of jurisdiction. Waters v. Putnam, 289 Minn. 165, 183 N. W. 2d 545 (1971); State ex rel. Petschen v. Rigg, 257 Minn. 25, 99 N. W. 2d 669 (1959).

In those cases in which the board finds the grounds of dismissal reasonable, Minn. St. 43.24, subd. 2, provides a 30-day period during which time the appointing authority may reinstate or otherwise modify the original decision of dismissal. Employee argues that the board's order does not become final until the expiration of this period. We do not agree.

Employee petitioned the district court to review the decision of the Civil Service Board, not the failure of the commissioner of natural resources to reinstate or modify the dismissal. The only issue before the board was the reasonableness of the grounds of dismissal. A subsequent reinstatement by the commissioner would be merely a matter of grace. The findings of the board would be unaffected.

Employee challenges the sufficiency of the evidence in support of the district court's finding that the findings and order of the Civil Service Board were mailed on April 2, 1970. The time of mailing may be sufficiently established by evidence of habit or custom with respect to mailing from the sender's office. Dept. of Employment Security v. Minn. Drug Products, Inc. 258 Minn. 133, 104 N. W. 2d 640 (1960); De Vries v. Spring Valley Twp. Mutual Fire Ins. Co. 167 Minn. 509, 209 N. W. 325 (1926). Although such evidence is not conclusive, a reviewing court should not substitute its judgment for that of the district court.

Affirmed.

---

[2] Rules 6.05, 5.02, and 6.01, Minnesota Rules of Civil Procedure, give in effect 33 days after the date of mailing in which to serve and file the petition for review.