**In re the Marriage of Shirley A. KOPONEN, petitioner, Appellant,**

**v.**

**Irving H. KOPONEN, Respondent.**

**No. C1–84–209.**

Court of Appeals of Minnesota.

Aug. 14, 1984.

Brian R. Salita, Salita, Salita, London & Resnick, Brooklyn Center, for appellant.

Timothy R. Erlander, Minneapolis, for respondent.

Considered and decided by HUSPENI, P.J., and RANDALL and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

This is an appeal by appellant/wife from a post-decree order of the family court judge dismissing the wife's review of a family court referee's recommended order as untimely filed. We affirm.

## FACTS

The parties' marriage was dissolved in June 1978. During the pendency of the dissolution proceeding, an adult daughter of the parties was killed in an airplane accident. As a result of this death, the husband filed a claim under an accident policy he had with his employer. That claim was denied. In the decree of dissolution, all rights to the accident policy were awarded to the husband. Two years after the marriage dissolution, the husband again brought an action under the accident policy. This time he was successful and received an award of $12,814.04. The wife brought a post-decree motion before a family court referee asking that she be awarded one-half of the insurance proceeds obtained by the husband. The family court

referee denied the wife's motion. No findings were made. The wife sought timely review of the referee's recommended order. On review, the family court judge, noting the absence of findings, remanded the matter to the family court referee for an evidentiary hearing on May 18, 1982. That scheduled evidentiary hearing subsequently was waived by the parties and the matter was submitted to the family court referee on the record. In a recommended order dated June 1, 1982, the family court referee again denied the wife's motion. The referee indicated in the recommended order that the insurance policy in question had been awarded to the husband in the decree of dissolution of the marriage and, as such, was the husband's sole property. Wife's counsel received a copy of the June 1, 1982, recommended order on June 14. Wife took no action until she sought review of that June 1, 1982, recommended order before the family court judge on January 26, 1983. The family court judge dismissed the wife's motion for review as untimely filed.

## ISSUE

Does the fact that a referee's recommended order of June 1, 1982, arose out of a prior remand by the family court judge for evidentiary hearing permit review of that June 1, 1982, recommended order on January 26, 1983?

## ANALYSIS

Minnesota Statutes Section 484.65(9) (1982) provides:

All recommended orders and findings of a referee shall be subject to confirmation by said district court judge. Review of any recommended order or finding of a referee by the district court judge may be had by notice served and filed within ten days of effective notice of such recommended order or finding. The notice of review shall specify the grounds for such review and the specific provisions of the recommended findings or orders disputed, and said district court judge, upon receipt of such notice of review, shall set a time and place for such review hearing.

The wife argues that the family court judge actually continued her original motion when he remanded the matter to the family court referee for an evidentiary hearing on May 18, 1982. Thus, argues the wife, the provisions of Minnesota Statutes Section 484.65(9) (1982) do not apply here. We cannot agree.

■ Neither the parties nor the family court judge could predict what relief would be recommended by the family court referee as a result of the remanded hearing of May 18, 1982. An evidentiary hearing was scheduled and would have taken place had not the parties stipulated to a waiver of that hearing. The June 1, 1982, recommended order conceivably could have granted relief to either husband or wife. It is clear the remanded hearing was not a continuance. The party aggrieved by the June 1, 1982, recommended order was obligated to file timely notice of review under Section 484.65(9) or jurisdiction would be lost. The wife failed to file a timely notice of review and jurisdiction was, in fact, lost.

## DECISION

The trial court properly dismissed the wife's January 26, 1983, request for review of a June 1, 1982, recommended order of the family court referee.

**Affirmed.**