**Paula J. SANDERS, Appellant,**

v.

**Robert R. BOUGHTON, Respondent.**

**No. C9–86–1998.**

Court of Appeals of Minnesota.

May 5, 1987.

Thomas L. Johnson, Hennepin Co. Atty., Peter J. Stiehm, Asst. Hennepin Co. Atty., Minneapolis, for appellant.

Robert R. Boughton, Minneapolis, pro se.

Considered and decided by RANDALL, P.J., and WOZNIAK and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Appellant Paula Sanders contends the family court lacked jurisdiction to vacate or amend provisions of a referee's order because respondent Robert Boughton did not follow established appellate procedures. We vacate the district court order.

## FACTS

In April 1986, Sanders initiated a paternity action alleging Boughton is the father of a child born to Sanders on November 12, 1982. On September 18, 1986, a family court referee, upon Boughton's admission of paternity, awarded Sanders physical custody of the child and ordered Boughton to pay child support and arrearages. The referee's findings of fact and order for judgment were approved by the district court judge, family court division; judgment was entered October 3, 1986.

Boughton attempted to have the findings and order reviewed by filing a note of issue with the district court on September 29, 1986, but he did not serve or file a notice of review. At the subsequent hearing held on October 23, 1986, Sanders was represented by the Hennepin County assistant county attorney who objected to the hearing because Sanders did not receive any notice as required by Minn.Stat. § 484.65, subd. 9 (1986).

By order dated October 23, 1986, the family court judge vacated or modified the provisions of the referee's September 18 order and scheduled an evidentiary hearing for the purposes of determining support, visitation and arrearage payments. Sanders appeals.

## ISSUE

Did the district court lack jurisdiction to conduct a hearing and modify the referee's September 18 order because no notice of review was served on appellant or filed with the district court?

## ANALYSIS

The family court division of the fourth judicial district court was created by statute. *See* Minn.Stat. § 484.65 (1986). All recommended orders and findings of referees in the family court division are subject to confirmation by the family court judge.

> Review of any recommended order or finding of a referee by the district court judge may be had by *notice served and filed* within ten days of effective notice of such recommended order or finding. The notice of review shall specify the grounds for such review and the specific provisions of the recommended findings or orders disputed, and said district court judge, upon receipt of such notice of review, shall set a time and place for such review hearing.

Minn.Stat. § 484.65, subd. 9 (1986) (emphasis added).

Sanders contends the district court lacked jurisdiction to modify the referee's September 18 order because Boughton failed to serve a notice of review upon appellant or her attorney and because he did not file a notice of review with the court as required by section 484.65, subd. 9. In *Koponen v. Koponen*, 352 N.W.2d 834 (Minn.Ct.App.1984), the family court judge dismissed a motion for review of a referee's recommended order because the motion was not timely filed. This court affirmed.

The party aggrieved by the * * * recommended order was obligated to file timely notice of review under Section 484.65(9) or jurisdiction would be lost. The wife failed to file a timely notice of review and jurisdiction was, in fact, lost.

*Id.* at 835.

When periods for serving and filing notices of appeal or review are specified in statute or rule, courts will construe those provisions strictly. If a notice is not served or filed within the specified time period the reviewing court lacks jurisdiction. *See, e.g., Blixt v. Civil Service Board,* 297 Minn. 504, 505, 210 N.W.2d 230, 231 (1973) ("Failure to both serve and file the petition for review within the time provided by statute deprives the district court of jurisdiction").

Filing a note of issue was not sufficient statutory compliance because Sanders was not "served" with notice and the note of issue did not "specify the grounds for such review" or "the specific provisions of the recommended findings or orders disputed." *See* Minn.Stat. § 484.65, subd. 9 (1986). Consequently, the district court lacked jurisdiction to modify the child support obligations established in the referee's September 18 order.

## DECISION

The district court's October 23, 1986, order is vacated. The district court lacked jurisdiction and could not vacate the referee's September 18 order or modify Boughton's child support obligations because Boughton failed to file and serve a notice of review as required by Minn.Stat. § 484.65, subd. 9 (1986).

Reversed.