**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 11 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

STATE FARM FIRE & CASUALTY
COMPANY,

      Plaintiff-Appellee,

v.

DAVID VAN HORN; PORTIA VAN
HORN,

      Defendants-Appellants.

No. 97-5131
(D.C. No. 96-CV-1144-B)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **BARRETT**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendants David Van Horn and Portia Van Horn appeal the district court's entry of summary judgment in favor of plaintiff in this declaratory judgment action filed pursuant to 28 U.S.C. § 2201(a). We affirm.

Plaintiff issued a fire insurance policy to defendants, who chose to pay the premiums on a quarterly basis. In June 1995, and September 1995, defendants failed to make their quarterly payments, so plaintiff sent cancellation notices to defendants, and defendants subsequently made the payments to keep the policy in effect. Defendants did not make the quarterly payment due December 14, 1995. The property that had been covered by the fire insurance policy sustained damage due to fire on June 1, 1996. Plaintiff claims it sent a cancellation notice to defendants on December 27, 1995, advising defendants that the policy would be canceled in ten days. After the ten days had expired, plaintiff canceled the fire insurance policy as of January 11, 1996.

Defendants admit that they did not make any payments on the policy after October 1995. They claim, however, that they did not receive the cancellation notice mailed on December 27, 1995, and that, under Oklahoma law, plaintiff could not cancel the insurance policy unless it had proof that they actually received the cancellation notice.

Plaintiff filed this declaratory judgment action in federal district court on December 11, 1996. Shortly thereafter, defendants filed a complaint in an

Oklahoma state court claiming, among other things, that this plaintiff breached its contract under the subject fire insurance policy. Based on that filing, defendants then moved for dismissal of the federal action. The district court denied the motion and ultimately granted plaintiff's motion for summary judgment.

On appeal, defendants assert that the district court erred in failing to dismiss the federal court case in favor of the state court case. They also maintain that Oklahoma law requires proof that they, as the insureds, actually received the cancellation notice, and that proof that the notice was mailed is inadequate to sustain the summary judgment.

We review a district court's decision to deny defendants' motion to dismiss the federal declaratory judgment action for an abuse of discretion. See Wilton v. Seven Falls Co., 515 U.S. 277, 289-90 (1995). Upon consideration of defendants' arguments and the factors listed in State Farm Fire & Casualty Co. v. Mhoon, 31 F.3d 979, 983 (10th Cir. 1994), for evaluating whether a federal district court should hear a declaratory action, we conclude that the district court did not abuse its discretion.

Turning to the merits, we review de novo the district court's summary judgment order, applying the same standards as the district court under Fed. R. Civ. P. 56(c). See Wolf v. Prudential Ins. Co. of Am., 50 F.3d 793, 796 (10th Cir. 1995). There is no dispute that Oklahoma state law controls. In

applying Oklahoma law, we afford no deference to the district court's legal rulings. See Salve Regina College v. Russell, 499 U.S. 225, 238-39 (1991).

Defendants do not contest that the fire insurance policy permitted cancellation upon ten day's advance written notice. They do not contend that their address listed on the policy was incorrect. They claim that they did not receive the cancellation notice. They claim their mortgagee also did not receive the cancellation notice, even though a copy was mailed to him. Consequently, defendants argue, they successfully rebutted plaintiff's evidence that it mailed a cancellation notice, thereby defeating summary judgment.

Defendants rely on Great American Indemnity Co. v. Deatherage, 52 P.2d 827, 831 (Okla. 1936), and Farmer's Insurance Exchange v. Taylor, 193 F.2d 756 (10th Cir. 1952), for the proposition that actual notice of cancellation is required before an insurance policy can be canceled. Deatherage held that the evidence failed to show that the insurance company mailed a cancellation notice to the insured. See Deatherage, 52 P.2d at 831. Taylor was bound by Deatherage's holding. See Taylor, 193 F.2d at 759. Deatherage, however, has been distinguished from cases similar to this one where notice of cancellation was mailed in strict compliance with the terms of the insurance policy to the insured's address as listed on the policy. See, e.g., Midwestern Ins. Co. v. Cathey, 262 P.2d 434, 435-36 (Okla. 1953). Accordingly, Deatherage and Taylor are inapposite.

Oklahoma law does not necessarily require that an insurance company prove that the insureds received notice of cancellation of a fire insurance policy. Where the insurance company strictly complied with the terms of the policy for cancellation, including mailing a notice of cancellation to the insureds at their address shown on the policy, the risk of non-receipt falls on the insureds. See Cathey, 262 P.2d at 435-36; accord Richardson v. Brown, 443 F.2d 926, 926, 928 (10th Cir. 1971); Gilmore v. Grand Prix of Tulsa Corp., 383 P.2d 231, 234-35 (Okla. 1963). The burden is on the insurance company to show that notice of cancellation was mailed to the address shown on the policy. See Oaks v. Motors Ins. Corp., 595 P.2d 789, 792 (Okla. 1979).

In support of its claim that the cancellation notice was mailed to defendants at the address listed on the policy in strict compliance with the policy terms, plaintiff presented the statement of its employee, Tim Elliott, who testified that on December 27, 1995, he followed the customary procedures in mailing a cancellation notice to defendants whereby he checked the address, verified the postmark date, and presented the notice to a United States Postal Service official. See Appellants' App. at 318-26. We are not persuaded by defendants' argument that Mr. Elliott did not establish mailing because he could not remember mailing the specific cancellation notice to defendants. He testified that he never varied his routine of mailing cancellation notices, see id. at 324, and his initials appear

on the plaintiff's copy of the cancellation notice, indicating that he mailed it, see id. at 329-30. Under Oklahoma law, proof of mailing in strict compliance with the terms of the policy is sufficient to cancel the policy, even where the insured did not receive it. See State Farm Mut. Auto. Ins. Co. v. Chaney, 272 F.2d 20, 21-22 (10th Cir. 1959) (insurance policy canceled by mailing cancellation notice to address on policy, even though notice returned as undeliverable); Cathey, 262 P.2d at 435-36 (same). Moreover, defendants were several months in arrears on the payment of the premiums and should have anticipated a cancellation of the policy. See Cathey, 262 P.2d at 436.

Relying on dicta in Deatherage, 52 P.2d at 831, defendants also argue that the Oklahoma fire insurance policy statute, Okla. Stat. tit. 36, § 4803, permitting an insurance company to cancel a policy by giving five days' written notice to the insureds, requires proof that the insureds actually received a cancellation notice. The holding of Deatherage, however, was limited to whether the notice of cancellation was mailed, and did not require interpretation of a statute. See Cathey, 262 P.2d at 436 ("real issue" in Deatherage was whether notice of cancellation was mailed; dictum misleading). Defendants cite no other authority for their position that the statute requires proof of actual notice, and later case law dictates the result reached here by the district court. See, e.g., id. at 435-36; Richardson, 443 F.2d at 928.

Defendants' remaining arguments are without merit. Defendants' motion to certify a question to the Oklahoma Supreme Court is DENIED.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

                                        Entered for the Court


                                        James E. Barrett
                                        Senior Circuit Judge