PAUL G. LARSON, *d. b. a.* LARSON BOAT WORKS, v. VICTOR CHRISTGAU.[1]

January 11, 1952.

No. 34,937.

*Gordon Rosenmeier,* for relator.

*J. A. A. Burnquist,* Attorney General, *K. D. Stalland,* Assistant Attorney General, and *George W. Olson,* for respondent.

KNUTSON, JUSTICE.

This case comes to the writer by reassignment. After a rehearing which was granted following the filing of the original decision, we have thoroughly reëxamined the applicable statutes and authorities and now withdraw all former opinions and substitute in place thereof the following decision:

This is a certiorari proceeding to review a determination, under the Minnesota employment and security law, by the director of the division of employment and security, referred to hereinafter as the director and the division respectively. Relator, Paul G. Larson, doing business as Larson Boat Works, at Little Falls, was the

[1]Reported in 51 N. W. (2d) 63.

employer at the times involved herein and will be referred to hereinafter as the employer.

Two appeals were consolidated. The first, hereinafter called the rate appeal, concerned employer's application for a contribution rate redetermination. The rate increase which the employer is contesting was the result of certain benefit charges placed against employer's experience rating account. Employes R. C. Lackore, N. J. Smith, O. E. Faelske, and others filed claims during the last half of 1945. None of these claims were contested by the employer or the determinations thereon appealed from, as provided in M. S. A. 1945, § 268.10, subd. 2.[2] Notice of charges resulting from the above claims was mailed to employer on May 10, 1946, but he did not protest the charges, as provided by § 268.06, subds. 18 and 20. Notice of charges resulting from the above claims was again given to employer on October 11, 1946, but these charges were not protested by him under § 268.06, subds. 18 and 20. Notice of employer's 1947 rate was mailed to him on February 28, 1947. He did not file a protest within the 30 days provided by § 268.06, subd. 20. However, he did protest the rate on April 24, 1947, nearly one month late; but the division, apparently under the assumption that it was required to do so under our holding in Christgau v. Fine, 223 Minn. 452, 27 N. W. (2d) 193, granted a hearing on this protest and offered to hear employer on the issue of clerical errors or computations in fixing the 1947 rate. It was the position of employer, however, that, while the director was not required to redetermine or review the rate matter, inasmuch as the appeals from the merits of the claims and the charges were not timely made, his official act in response to employer's letter of April 24, 1947, protesting the rate was entirely voluntary on the part of the director and was within his lawful discretion. In this connection, the division, through its accounting section, wrote employer on June 5, 1947, in part as follows:

---

[2]We are dealing with all provisions of the statutes as they existed prior to amendment by L. 1951, c. 442.

"This is in answer to your protest of the contribution rate assigned to you for the current year. * * *

* * * * *

"Following a careful review of your experience rating account, we have redetermined that you were properly assigned the rate of 2.75% for the current year."

Employer claims that if the director had so desired he could have limited his redetermination of the contribution rate and of the experience rating account to the arithmetic of the computations or in any other respect, but that he did not do so. He argues that, when the division referred in its letter to a careful review of the experience rating account and a redetermination, that meant that the director was unlimited as to the extent to which he could go in this review and redetermination, and that thereby arose employer's statutory right on appeal, which could not be administratively circumscribed.

On June 11, 1947, employer, within the statutory time, appealed from the alleged rate redetermination. The matter was referred to a referee, who affirmed the action which had been taken. His decision was thereafter affirmed by the director.

In the other appeal, hereinafter referred to as the Mitchell appeal, employer made a protest to the division one stage earlier in the proceedings. There, he was given notice that Mitchell had filed a claim on April 1, 1946, which was determined valid on April 17, 1946. Employer protested the claim, raising the issue that Mitchell voluntarily discontinued employment without good cause attributable to employer. It was then determined on May 20, 1946, that Mitchell was entitled to benefits on the ground that he was laid off. This determination was not protested or appealed from under § 268.10, subd. 2. On October 11, 1946, the division mailed employer notice of charges resulting from Mitchell's benefits, which was not protested in accordance with § 268.06, subds. 18 and 20. Thereafter, on May 9, 1947, the division again mailed employer notice of Mitchell's charges, against which employer protested on May 27, 1947. On July 8, 1947, the division wrote employer in part as follows:

"This is in reference to your protest of the benefit charge * * * as the result of a claim filed by C. S. Mitchell, * * *.

\* \* \* \* \*

"We have accordingly redetermined that you were properly charged with $110.00 during the second half of 1946 as a result of the claim filed * * *. Any appeal from our redetermination must be made in writing within ten days from the date of this letter."

On July 17, 1947, employer, within the time allowed for appeal from a redetermination, appealed from this action of the director. The matter was referred to a referee, who determined that employer's account was properly chargeable with the payments to Mitchell, which decision was affirmed by the director. By the same token, employer contends that if the director wanted to limit the appeal by only excluding consideration of benefit charges he could have done so and that that might have been accomplished by redetermining the contribution rate only, but that he did not choose to do so.

The appeals were consolidated. At the hearing before the referee, employer attempted to question the propriety of the benefits paid his employes, and consequently the charges against his experience rating account, by offering to prove, for example, that one of the claimants, R. C. Lackore, talked to him before discontinuing his employment and told him in substance that his religious beliefs were such that he could not continue to work for employer because he had to work on beer cases; that N. J. Smith, another claimant, voluntarily discontinued his employment because he would not work for the foreman under whom he was supposed to work; that O. E. Faelske, another claimant, voluntarily quit his employment because of a reprimand from the foreman for misconduct on the job which interfered with his work; and that claimant Mitchell talked with employer before discontinuing his employment and told him that he was discontinuing his work because he was going into other employment. The division objected to all this evidence, claiming in effect that it was not timely and an attempt by employer

to get into the record in an indirect manner information or matter which he was barred from getting into the record in a direct manner by testimony of the witness. The referee sustained the division in its objections and refused to admit this evidence.

As we see employer's contention, he now claims that, inasmuch as the director voluntarily made the redeterminations above referred to, the director must go back and consider the original merits of the claims in timely appeals from such redeterminations. It is the position of the director, on the other hand, that all he can do upon an appeal under § 268.06, subd. 20, is to recompute the figures or correct clerical errors. While we do not fully agree with either contention, after a thorough examination and reëxamination of the statutes involved and the legislative history of §§ 268.10, subd. 2, and 268.06, subds. 18, 19, and 20,[3] we are convinced that a determination of the right of an employe to benefits becomes final in the absence of a timely appeal as provided by M. S. A. 1945, § 268.10, subd. 2, and that the right of an employe to benefits cannot be questioned under an appeal taken pursuant to M. S. A. 1945, § 268.06, subd. 20, whether such appeal follows a timely protest by the employer after receiving notice under § 268.06, subds. 18 or 19, or follows a redetermination by the director, acting within the discretionary power conferred upon him by subd. 20. In view of the substantial changes wrought by L. 1951, c. 442, wherein the discretionary power of the director to redetermine benefit charges is eliminated entirely, except to the extent therein provided, we see no useful purpose in further construing the statutes as they existed prior to the 1951 amendment. Our decision of the one point disposes of this appeal, and there should be an affirmance.

Affirmed.

FRANK T. GALLAGHER, JUSTICE (concurring specially).

While I agree generally with the results of the majority opinion and agree also that L. 1951, c. 442, has brought about substantial

---

[3]See, Ex. Sess. L. 1936, c. 2, § 8(b); L. 1937, c. 306, § 5; L. 1939, c. 443, § 7, paragraph B; L. 1941, c. 554, § 3, paragraph E; L. 1943, c. 650, § 2, paragraph F(1, 2, 3); and L. 1951, c. 442.

changes in connection with the discretionary power of the director, it is my opinion, after reargument, which was granted only on the question of the effect of the division's letters of June 5, 1947, and July 8, 1947, that the director did redetermine rather than simply review the matter. The referee, as well as the director, must have also considered that a redetermination was made, because the findings of the referee adopted by the director in connection with the rate case state in part that the letter of June 5, 1947, "notified the employer that a redetermination was made relative to this employer's experience rating account and contribution rate for the calendar year 1947." The findings further state that the employer appealed from that redetermination on June 11, 1947. With reference to the Mitchell case, the findings then go on to state that on July 8, 1947, the division "advised the employer that it had been redetermined that the employer was properly charged with $110 for the second half of 1946," and that "On July 18, 1947, the employer by letter appealed from the determination * * *." It is undisputed that both of these appeals were timely taken.

It therefore seems to me that there are merits to relator's contentions on reargument that the findings leave no question as to whether there was a redetermination or the scope of it, and that under the facts and circumstances in this particular case we must therefore consider as an established fact that redeterminations were made without limitation.

Because of the uncertainty raised by the petition for reargument with reference to the indefiniteness of the division's letters of June 5 and July 8, 1947, as to just what was redetermined, I believe, under the circumstances here, that the case should be remanded and that the referee should permit relator to submit the testimony which he offered to prove with reference to the propriety of the benefits paid to the employes in question, and consequently the charges against employer's experience rating account.

MR. JUSTICE MATSON took no part in the consideration or decision of this case.