WYMONT TRACTOR AND EQUIPMENT COMPANY, A CORPORATION, PLAINTIFF AND RESPONDENT, v. UNEMPLOYMENT COMPENSATION COMMISSION OF MONTANA, ET AL. DEFENDANTS AND APPELLANTS.

No. 9249.
Submitted July 14, 1954. Decided December 22, 1954.
Rehearing Denied January 11, 1955.
278 Pac. (2d) 208.

Mr. Arnold H. Olsen, Atty. Gen., Mr. John W. Mahan, Mr. Alfred F. Dougherty and Mr. Chadwick H. Smith, Sp. Asst. Attys. Gen., for appellants.

Mr. Everett E. Lofgren, Billings, for respondent.

Mr. Smith and Mr. Lofgren argued orally.

MR. JUSTICE ANDERSON:

Wymont Tractor and Equipment Company, a corporation, respondent here, was organized during October 1945. The unemployment compensation commission of Montana was paid contributions by the corporation at the rate of two and seven-tenths per cent of the portion of its payroll for the period 1945 through 1950.

At the time of the organization of the respondent corporation all employers of this state subject to the Unemployment Compensation Act were required to pay a two and seven-tenths per cent contribution rate.

R. C. M. 1947, sec. 87-109, established an experience rating system under which employers' contribution rates vary from one to two and seven-tenths per cent.

Section 87-109 provides, among other things, that in all cases the employer's rate shall be two and seven-tenths per cent until the employer has paid contributions for five calendar years.

The unemployment compensation commission notified the respondent corporation of the two and seven-tenths per cent rate assigned to it as an employer in each of the years 1947, 1948, 1949 and 1950 and the rate assigned was paid.

When the experience rating became effective the corporation had not been in existence for five years. Under the statute it was not eligible to receive the benefits of the experience rating therein announced unless it was shown that its experience could be tabulated because of the experience of a parent employing unit from which it had detached itself by substitution, merger, acquisition or otherwise.

On November 25, 1950, the respondent corporation applied to the commission for a refund of a portion of the contributions paid by it for the fourth quarter of 1947 and for a portion of all the contributions for the years 1948, 1949 and 1950.

The application for refund was made upon the theory that the respondent corporation was entitled to an experience rating factor, below the maximum two and seven-tenths per cent, because it had detached itself from a parent corporation during October 1945.

Although the detachment from the parent corporation was prior to the enactment of Chapter 245, Laws of 1947, which amended section 87-109 and provided for the experience rating, respondent corporation claims it could take advantage of the law in that said law was intended to be for its benefit as well as for the benefit of employers who became detached from a parent corporation after the passage of the Act.

The question of retroactiveness of the statute was raised by appellant in its brief but was abandoned at the time of argument and the point was conceded, therefore this court will not discuss it.

The Montana unemployment compensation commission denied the requests of respondent. An appeal from its decision was taken to the district court and there it was determined that respondent was entitled to the relief it sought.

The sole question before this court is based upon what the intent of the legislature was in adopting the following language found in R. C. M. 1947, sec. 87-109, which reads: "(8) The commission shall by regulation provide for the proper notification of employers of the classification and rate of contributions ap

plicable to their accounts. Such notification shall be final for all purposes unless and until such employer files a written request with the commission for a redetermination or hearing thereon within thirty (30) days after receipt of such notice. The provisions of section 87-107 applicable to appeals under claims procedure shall apply with like purpose and effect, and be applicable to hearings and request for redeterminations of classification and rates of contribution filed by employers hereunder.''

Here the respondent admitted that the 30-day period in all cases had gone by and no written request for redetermination of rates had been requested within that period. However respondent seeks to recover under R. C. M. 1947, sec. 87-138, which as it says is not in conflict or in any wise incompatible with section 87-109, supra. Section 87-138 reads as follows: ''If not later than three (3) years after the date on which any contributions or interest thereon became due, an employer who has paid such contributions or interest thereon shall make application for an adjustment thereof in connection with subsequent contribution payments, or for a refund thereof because such adjustment cannot be made, and the commission shall determine that such contributions or interest or any portion thereof was erroneously collected, the commission shall allow such employer to make an adjustment thereof, without interest, in connection with subsequent contribution payments by him, or if such adjustment cannot be made, the commission shall refund said amount, without interest, from the fund. For like cause and within the same period, adjustment or refund may be so made on the commission's own initiative. In the event that this act is not certified by the social security board under section 1603 of the internal revenue code as amended, 1939, for any year, then and in that event, refunds shall be made of all contributions required under this act from employers for that year.''

There could be no controversy between the employer and the commission regarding the rate the employer had to pay prior to the adoption of section 87-109. All employers paid two and seven-tenths per cent. A casual study of section 87-109, subsec.

(8), leaves one with a single conclusion, i. e., that the amendment therein contained was to supply the employers of this state with the benefit of an experience factor.

Because of the provision for the so-called "experience ratings" there would be created new occasions where controversies may arise between the employer and the commission. The law gave the employer thirty days after receipt of notice regarding his assigned "experience rating" to complain and if he failed to do so the notification became final.

The general rule is that a statute is not repealed by implication. However, what was said in Stadler v. City of Helena, 46 Mont. 128, 127 Pac. 454, 458, is applicable here. " 'Where general terms or expressions in one part of a statute are inconsistent with more specific or particular provisions in another part, the particular provisions will be given effect as clearer and more definite expressions of the legislative will.' 30 Cyc. 1130."

R. C. M. 1947, sec. 87-109, subsec. (8), lends itself solely to the specific subject of experience ratings while section 87-138 is general in scope.

Quoting further from Stadler v. City of Helena, supra, " 'Where there is one statute dealing with a subject in general and comprehensive terms, and another dealing with a part of the same subject in a more minute and definite way, the two should be read together and harmonized, if possible, with a view to giving effect to a consistent legislative policy; but to the extent of any necessary repugnancy between them the special will prevail over the general staute.' 30 Cyc. 1151." This latter postulate fits the situation here equally as well as the former.

The Supreme Court of Ohio had before it almost identical issues as are found here. That court in Acme Engineering Co. v. Jones, 150 Ohio St. 423, 83 N. E. (2d) 202, 207, reached the same conclusion as is reached in the cause here at bar saying in conclusion of its decision the following:

"Holding as we do that, since Acme did not avail itself of its right to file applications to have its rate reviewed and redetermined under Section 1345-4(c) (4) (F) within 60 days after it

received notice of the rates it could not avail itself of Section 1345-2(e), it would make no difference whether it was a successor in interest to Buckeye.

"It might be said that it is an unfortunate hardship that one who erroneously paid large sums in excess of what its contribution should have been cannot have refunds made to it, but that same thing can be said in connection with any claim or appeal which has been barred because not brought within the time provided by law. It may seem hard that a title by adverse possession can ripen against an owner or that a demonstrably erroneous judgment cannot be reversed because an appeal was not filed within the statutory period, but it is the policy of the law to bring controversial matters to a time of repose and if one has not availed himself of his legal remedies within the time fixed by law he must bear his misfortune. The fact the general statutory provision provides a four-year limitation and the special provision one of only 60 days may seem to a defeated party to be unwise, but, as we have so frequently said, the wisdom or desirability of legislation is a question for the legislative and not the judicial branch of government. Our function is limited to an interpretation of the meaning of stautory provisions and whether they are in accord with the federal and state Constitutions."

The judgment of the district court is reversed with directions to enter judgment for the appellants.

MR. CHIEF JUSTICE ADAIR and MR. JUSTICES BOTTOMLY and ANGSTMAN, concur.

MR. JUSTICE DAVIS did not participate.