DEPARTMENT OF EMPLOYMENT SECURITY,
FRANK T. STARKEY, COMMISSIONER, v. MINNESOTA
DRUG PRODUCTS, INC.

104 N. W. (2d) 640.

May 20, 1960—No. 37,815.

134

*Joseph Shefner,* for relator.

*Miles Lord,* Attorney General, and *George C. Gubbins, Jr.,* Assistant Attorney General, for respondent.

DELL, CHIEF JUSTICE.

Certiorari to the Department of Employment Security to review the decision of the commissioner dismissing employer-relator's appeal.

On October 1, 1958, M. Willard Vienot filed a claim for unemployment compensation benefits asserting that he had left the employ of the employer because of lack of work and through no fault of his own. The employer contended that the claimant left its employ "without due cause attributable to the employer." On October 9, 1958, a claims deputy determined that the claimant was qualified for benefits and that the benefits paid would be charged to the employer's experience-rating account. Notice of this determination was allegedly mailed to the employer on that same day.

Employer mailed a letter to the Department of Employment Security appealing from the determination. This letter was dated October 15, 1958, but the envelope was not postmarked until 11:30 a. m., October 17, 1958. After a hearing, an appeal tribunal concluded that employer's appeal had not been filed within the requisite statutory time and ordered that the appeal be dismissed. The commissioner of

the Department of Employment Security approved and adopted the decision of the appeal tribunal.

■ The sole question before us is whether the employer's appeal from the determination of the claims deputy was timely. M. S. A. 268.10, subd. 2(1), provides, in part, that the determination of the claims deputy shall become final unless:

"* * * any interested party appeals therefrom within seven calendar days after the delivery of such notification or within seven calendar days after such notification was mailed to his last known address; provided that the aforesaid determinations in this subdivision shall not become final until ten calendar days after delivery or 12 calendar days after the mailing of the determination notice if the commissioner finds that the failure to file such protest or appeal timely was due to a compelling good cause."

Where an appeal is filed by mail "the same shall have been filed on the day indicated by the cancelation mark of the United States Post Office Department."[1] Failure to file an appeal within the statutory time divests the appeal tribunal of jurisdiction and the appeal must be dismissed.[2]

Employer first contends that the evidence is insufficient to show that the notification of "Determination on Benefit Rights" was actually mailed to the employer on October 9, 1958. M. N. Lazarus, president of the company, testified that, while he recalled seeing a copy of the notice of determination, he did not know when or how it was received. The only affirmative evidence offered in this regard was a department copy of the notice which contains the following statement immediately to the left of the signature of the claims deputy: "(Date of Mailing to Employer) Oct. 9, 1958." Since this document was not authenticated, and since no foundation was laid which would qualify it as an official report, it was clearly incompetent.[3] However, commissioner argues that since no objection was made by the employer

---

[1] M. S. A. 268.04, subd. 15.
[2] See, Larson v. Christgau, 234 Minn. 561, 51 N. W. (2d) 63.
[3] 7 Dunnell, Dig. (3 ed.) §§ 3347, 3348(1).

to this document it is sufficient to establish the fact of mailing on October 9.

It is the rule in this jurisdiction that incompetent evidence received without objection may be sufficient to support a finding.[4] Failure to object, however, does not enhance the probative value of the evidence involved.[5] In our opinion the written statement of the deputy contained in the "Determination on Benefit Rights" that the notice was mailed to the employer on October 9, 1958, is of little significance in the absence of proof of mailing or at least some showing as to the knowledge and duty of the deputy in this regard or of the circumstances under which the notation was made.

A similar problem was involved in Borgia v. Board of Review, 21 N. J. Super. 462, 91 A. (2d) 441. In that case the board of review, relying upon a notation as to the date of mailing set forth on the notice of determination,[6] held that an appeal was not timely despite the fact that the appellant denied receiving the notice. The court remanded the case for further testimony holding that the notation set forth on the notice was not, in itself, sufficient to establish the fact of mailing without some evidence as to the circumstances under which the notation was made. The Borgia case was distinguished in Bamburgh v. Board of Review, 48 N. J. Super. 472, 138 A. (2d) 541, where the court held that the appeal tribunal and board of review may take official notice of the departmental records pertaining to the case, and that a notation in the records as to the date of mailing or delivery of the notice of determination presumptively establishes such fact and is sufficient in the absence of rebutting evidence. Commissioner contends that the rationale of the Bamburgh case is controlling here.

Where the date of mailing is not challenged, a statement set forth

---

[4]Erickson v. Paulson, 251 Minn. 183, 87 N. W. (2d) 585; Stevens v. Minneapolis Fire Dept. Relief Assn. 219 Minn. 276, 17 N. W. (2d) 642.

[5]See, Irwin v. Pierro, 44 Minn. 490, 47 N. W. 154; McCormick, Evidence, § 54.

[6]Although the notice of determination was not offered in evidence, the board of review apparently took "official notice" of it as a part of the records of the case.

on the notice of determination of the date of mailing may well be sufficient to support a finding of mailing by the department on that date. However, such is not the case here. The employer's failure to object to the notice is not equivalent to a concession that its contents are true. To the contrary, employer offered in evidence a document dated October 17, 1958, entitled "Notice of Appeal From Determination of Benefit Rights" addressed to the Appellate Section, Department of Employment Security. In this document it is stated:

"The undersigned [M. N. Lazarus] hereby files Notice of Appeal from the Determination of Benefit Rights by a claims deputy dated 10-9-58 and handed to me personally on 10-15-58."

The record does not clearly reveal the manner of preparation or function of this latter document although the commissioner states in his brief that it "is merely an inter-office memorandum of the Minnesota Department of Employment Security * * *." The probative value of this document, which was received in evidence "for what it may be worth," would also appear to be highly speculative in the absence of a satisfactory foundation for its admission. Nevertheless, the document, which was admittedly prepared by the commissioner and is a part of the record of the case, does raise an issue as to the date and manner in which the determination of the claims deputy was transmitted to the employer. Under such circumstances the evidence proffered by the commissioner is not sufficient to support a finding that the notice of determination was, in fact, duly mailed to the last known address of the relator on October 9, 1958. The matter must be remanded for the purpose of taking further evidence and making appropriate findings pertaining to the mailing of the notice.

■ Assuming that the mailing by the commissioner on October 9, 1958, can be adequately supported, the employer's appeal, which was postmarked October 17, 1958, was one day late. Employer contends, however, that there was compelling good cause for the untimeliness of the appeal and hence the 12-day period provided by § 268.10 is applicable. There can be little doubt that if the appeal was deposited in the mail on October 15, as employer contends, and the delay in postmarking the envelope was due to the postal department and to no

fault on the part of the employer, compelling good cause for the lateness in filing would be established. Mr. Lazarus testified that he dictated the letter of appeal on October 15, 1958, and that it is the usual and customary practice of his office to mail letters on the same day they are dictated. He further testified that he checked the outgoing mail basket every evening before locking the office to make certain that the mail had been taken. The fact that a letter was mailed may be sufficiently established by evidence of habit or custom with respect to the mailing from the sender's office, especially when coupled with evidence showing compliance with the custom.[7] But such evidence is not conclusive, and the finding of the commissioner that employer failed to advance any compelling good cause is probably supported by the evidence on the limited record before us. While we might reach a contrary conclusion, we cannot substitute our judgment for that of the commissioner.[8]

The record does suggest, however, an erroneous impression on the part of the appeal board that in order for the employer to show compelling good cause it is necessary to produce direct evidence establishing the mailing of the appeal letter on October 15. Since the matter is being remanded for additional testimony and findings, the commissioner should reconsider the evidence in the light of the correct rule of law set forth herein and make such findings as the evidence warrants.

Remanded with directions.

UPON APPEAL FROM CLERK'S TAXATION OF COSTS.

On July 15, 1960, the following opinion was filed:

PER CURIAM.

The relator appeals from the clerk's disallowance of costs and disbursements.

---

[7]DeVries v. Spring Valley Township Mutual Fire Ins. Co. 167 Minn. 509, 209 N. W. 325; Suits v. Order of United Commercial Travelers, 139 Minn. 246, 166 N. W. 222; see, Annotations, 25 A. L. R. 9, 13, and 86 A. L. R. 541, 544.

[8]Nyberg v. R. N. Cardozo & Brother, Inc. 243 Minn. 361, 67 N. W. (2d) 821; Chellson v. State Div. of Employment & Security, 214 Minn. 332, 8 N. W. (2d) 42.

In the instant case the Department of Employment Security was clearly acting on behalf of the state in its sovereign capacity. In such cases the state is immune from taxation of costs and disbursements. Bergseth v. Zinsmaster Baking Co. 252 Minn. 63, 89 N. W. (2d) 172; Fischer v. Town of Albin, 258 Minn. 154, 104 N. W. (2d) 32.

Disallowance affirmed.

MR. JUSTICE LOEVINGER, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.