LANDRY, Judge.
This present litigation is the sequel to Higgins, Inc. v. Walker, La.App., 153 So.2d 580 (writs denied by the Supreme Court), wherein we decreed plaintiff, Higgins, Inc., entitled to a refund of unemployment compensation benefits erroneously paid during the three year period next preceding May 15, 1953. Notwithstanding our opinion of May 3, 1963, adjudging plaintiff’s recovery of overpayments during the aforesaid three year period defendant, Richard E. Walker, Administrator, Divi-of Employment Security, Department of Labor, State of Louisiana (sometimes hereinafter referred to simply as “Administrator”), declined payment of the refund for that portion of the three year period antedating January 1, 1951, on grounds hereinafter set forth. Higgins, Inc., thereupon initiated the present action by motion *153 seeking the issuance of a rule to show cause why the refund should not be made for the entire three year period prior to May IS, 1953. The trial court rendered judgment in favor of plaintiff, Higgins, Inc., in the sum of $35,086.36, representing unemployment compensation payments erroneously paid by plaintiff during the period May 15, 1950, to December 31, 1950, inclusive, and it is from this adverse judgment that the Administrator has taken this present appeal.
In our former opinion, Higgins, Inc. v. Walker, La.App., 153 So.2d 580, we affirmed the judgment of the Honorable Nineteenth Judicial District Court, which we quoted therein as follows:
“The case was duly tried in the District Court in and for the Parish of East Baton Rouge and that court, ‘After considering the record and the opinion of the Honorable Court of Appeal, together with stipulation of counsel and the attached affidavit of Andrew J. Higgins, Jr. * * * DECREED that a mandatory injunction issue herein, ordering the said Richard E. Walker to transfer the experience rating records and credits resulting thereby of Higgins Industries, Inc. and/or Higgins Industries, Inc., in Liquidation, to Higgins, Inc. as the successor thereof, and to pay to Higgins, Inc. the balance of the refund which would be due after the said experience rating record and credit was so transferred for the three year period next preceding May 15, 1953.’ ”
Prior to our opinion in Higgins, Inc. v. Walker, La.App., 153 So.2d 580, this matter was before us on an exception at which time we disposed of all issues presented. See Higgins, Inc. v. Walker, La.App., 129 So.2d 840, wherein this court reversed the judgment of the lower court and remanded the case for trial. Writs were then applied for by the Administrator which application was denied by the Supreme Court. Following trial on the remand ordered by us, the Administrator again appealed to this Court which said appeal was decided adversely to the Administrator’s contentions and wherein we expressly noted the following in 153 So.2d 580, 581:
“The defendant appealed from the judgment of the District Court and both counsel in oral argument and in their briefs frankly concede and state that the previous opinion of this court, reported in 129 So.2d 840, considered and decided every contention and question which has again been presented to this court on this appeal, as the defendant is desirous of obtaining a Supreme Court ruling in the matter. Counsel for defendant-appellant in his brief is reurging the commission of errors •which zvere urged on application for rehearing in connection zvith the opinion rendered by this court when it previously considered this matter." (Emphasis supplied.)
In disposing of this matter the second time it was appealed to us, we concluded that “believing our previous judgment as expressed in the opinion * * * is correct, and no new questions being raised or presented on this second appeal, we hereby adopt that opinion * * *.” Writs were applied for to the Supreme Court for a second time and for the second time refused with the notation, “The Judgment is correct.” See Higgins, Inc. v. Walker, 244 La. 1001, 156 So.2d 55.
It will be noted that the judgment previously appealed from and affirmed orders appellant to do two things, namely: (1) “to transfer the experience rating records and credits * * * and” (2) “to pay to Higgins, Inc. the balance of the refund which would be due * * * for the three year period next preceding May 15, 1953.”
Appellant maintains the judgment formerly rendered requires re-payment of the amounts erroneously paid in 1951 and 1952, but that it does not require reimbursement of the sums overpaid during the interim May 15, 1950, to December 31, 1951, even *154 though said interval is .within the three year period, next preceding May IS, 1953, because the overpayment during said seven and one half month period in question was predicated upon a computation made June 30, 1949, which latter date was more than three years prior to May 15, 1953.
In support of the position herein taken, counsel for appellant re-urges the identical arguments presented when the matter was before us on the two previous occasions hereinbefore mentioned.
Appellant again submits that under LSA-R.S. 23:1531-23:1542, unemployment compensation taxes become due and payable on a quarterly basis but the employer’s tax rates are computed annually on June 30, and are effective for the calendar year next following such computation date. Likewise, appellant re-urges that pursuant to LSA-R.S. 23:1541(4) employers are duly notified of their assigned tax rates which become conclusive and binding on the employer unless protested within twenty days of notification. While appellant concedes our prior decisions reject its contention that LSA-R.S. 23:1551 does not apply to the computation of rates or erroneous collection of taxes, nevertheless appellant interprets our former holdings and the judgment affirmed by us, as follows:
“ * * * It is the position of the Administrator that, after crediting these Experience Rating Records, he must recompute only those rates which are not final as of the date the Experience Rating Records are credited to the account. Higgins, Inc. was duly notified of its tax rate for the calendar year 1950 which emanated out of the June 30, 1949 computation on February 10, 1950. This tax rate became final under § 1541(4) of the Statute on March 2, 1950 and under § 1551 of the Statute on February 10, 1953. Under either statutory provision, therefore, this particular rate had become final and binding on the employer when its application was filed on May 29, 1953. We find nothing in any of the judgments of this Court which would require a recomputation of the tax rate duly assigned to Higgins, Inc. for the calendar year 1950.”
Finally, appellant re-argues the proposition that no provision in the law either requires or authorizes the Administrator to recompute a tax rate in the course of a calendar year once the rate has become final because of the employer’s failure to protest its computation within twenty days of notification as provided in LSA-R.S. 23:1541(4). This contention of appellant was fully answered by the following pronouncements contained in our former opinion in 129 So.2d 840, at pages 847-848, to-wit:
“* * * Under Section 1541(4), the employer may, within 20 days, contest the rate before it becomes binding and collectible. Failing to avail himself of this remedy, he may not refuse to pay the tax for error or otherwise but must pay the determined rate until the following annual redetermination date. To say that the employer loses the right to contest the rate he must pay until the succeeding rate determination date, does not necessarily mean loss of his right to demand refund of excess tax included in said rate and paid in error as clearly provided by Section 1551. We believe the legislature intended that having permitted the rate to become final, he is thereafter relegated to the remedy afforded by Section 1551 and must seek recovery of any tax erroneously paid within the three-year period stipulated by the latter section. * * * ” (Emphasis added.)
We wish to malee it clear beyond doubt that in our prior opinion reported in 129 So.2d 840, we concluded LSA-R.S. 23:1551 was intended as legislative compliance with the mandate of Article 10, Section 18 of the Constitution of 1921, LSA, which requires that remedies be prescribed for the *155 refund of taxes illegally paid and that the three year period provided in LSA-R.S. 23:1551 conforms with other similar statutory tax-refund periods.
Defendant’s contention that the three year period stipulated in LSA-R.S. 23:1551 runs from the date notice of computation was given the employer rather than from the date the tax was paid obviously ignores the hereinabove quoted language appearing in our decision reported in 129 So.2d 840, which was based on the provisions of LSA-R.S. 23:1551 as it then read, namely: “If not later than three years after the date of payment of any amount * * * an employing unit which made such payment shall make application * * * or for a refund thereof * *
By the language hereinabove lastly quoted from our former opinion herein we interpreted LSA-R.S. 23:1541(4) as providing that once an employer permitted a rate to become final by failing to contest its determination within the twenty day period, the rate thus established could not be questioned insofar as payment thereof was concerned during the period for which such determination was effective. Under such circumstances the employer had no alternative except to pay the determined rate during the period of its efficacy. His sole remedy then becomes the right to apply for a refund which is regulated by the terms of LSA-R.S. 23:1551 which clearly gives him the right to recover all sums erroneously paid within the three year period stipulated therein. We note that the latter section contains no prohibition against re-computation of the rates paid by the employer during the applicable three year period. The significance of this is obvious for, if it were otherwise, the employer’s right of recovery would be materially affected and to a large extent relegate him to a right without remedy. It would be hollow relief, indeed, for the statute on one hand to give the employer the right to recover payments erroneously made during a three year period and then, on the other hand, reduce the period. We detect no language in the statute evidencing such intent and believe the construction advocated by appellant clearly contrary to the letter and spirit of the law.
We wish to make it abundantly clear that insofar as concerns application of Section 1551 of the statute in question, recomputation of the rates paid within the pertinent three year period must be made by the Administrator otherwise there is no way by which the employer may obtain reimbursement of the amounts paid in error. (It is to be noted that the amendment to LSA-R.S. 23:1551 by Act 255 of 1962 which provides that the three year prescriptive date shall run from the “due date for payment of contributions” is not applicable to the instant case inasmuch as the present suit was instituted prior to the effective date of said Act 255 of 1962.)
Plaintiff has answered the appeal requesting the recasting of our judgment in language that will not admit of further misinterpretation. Although we considered our previous judgments sufficiently clear as to fully apprise all parties of the scope thereof, we are inclined to grant appellee’s prayer in order to put an end to this protracted litigation.
Accordingly, the judgment of the trial court is amended and
It is ordered, adjudged and decreed that a supplemental mandatory injunction be and the same is hereby issued herein ordering, commanding, directing and requiring Richard E. Walker, Administrator of the Division of Employment Security, Department of Labor, State of Louisiana, or his successor in office, to refund plaintiff-appellee, Higgins, Inc., the sum of Thirty-five Thousand Eighty-six and 36/100 ($35,086.36) Dollars, being a return of all contributions paid by said appellee during the three year period next preceding May 15, 1953, and subsequent to May 15, 1950, not previously refunded, which said sum of $35,086.36 would not have been paid by appellee had *156 the Administrator given the proper experience rating record and credit.
As thus amended the judgment of the district court is affirmed.
Amended and affirmed.