GEORGE VAVOULIS, COMMISSIONER OF DEPARTMENT
OF EMPLOYMENT SECURITY, v. IN RE 1965 AND 1966
CONTRIBUTION RATE OF ELECTRONIC
DEVELOPMENT COMPANY.

164 N. W. (2d) 377.

January 24, 1969—No. 41271.

*Wiese & Cox, Donald E. Wiese,* and *Andy L. Bond,* for appellant.

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solicitor General, and *Peter C. Andrews,* Assistant Attorney General, for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Rogosheske, JJ.

Rogosheske, Justice.

This case arises upon a writ of certiorari to review a decision of the commissioner of employment security assigning to relator, Electronic Development Company, an employer contribution rate of 2.7 percent for the years 1965 and 1966 and refusing to consider the merits of relator's claim that it was entitled to the transfer of the experience rating of its predecessor. Relator operated as a partnership from 1962 until January 11, 1965, when it became a corporation organized under Minnesota law. The incorporation resulted in no change in the operation of the

business, which retained the same name, location, assets, and employees. The former partners became the stockholders and officers of the new corporation. As required by regulations of the Department of Employment Security, the new company filed a "Report to Determine Liability" informing the department of the change in its business organization. When it filed this report, however, relator failed to request a transfer of the partnership's employment-experience rating to the corporation as authorized by Minn. St. 268.06, subd. 22. In response to the report, the department, on February 3, 1966, mailed a notice to the corporation that it had been assigned the 2.7-percent contribution rate for the calendar years 1965 and 1966 required for a new employer by § 268.06, subd. 2, and that it had 30 days in which to file a protest from this determination as provided by § 268.06, subd. 20. Due to some breakdown in intracorporate communications, the corporation's accountant did not become aware of this notice until June 30, 1966, whereupon he immediately filed a protest. After exhausting all other administrative remedies within the department, relator appealed to the commissioner, whose representative ruled that the contribution rate of 2.7 percent was proper because the corporation had failed to apply for a transfer of its predecessor's experience record and had failed to file a protest within 30 days from the date of mailing of the notice of assignment.

Assuming that the corporation was entitled to the transfer of its predecessor's contribution rate or experience records under § 268.06, subd. 22, the sole issue raised by this appeal is whether the commissioner has statutory authority to reexamine the contribution rate assigned despite relator's failure to file a written protest within the 30-day period as required by § 268.06, subd. 20.

Section 268.06, subd. 19, provides in substance that once the commissioner has determined an employer's contribution rate for any calendar year, unless it is modified by a reexamination upon a proper protest filed within 30 days from the date of mailing of the rate notice to the employer, "the rate * * * shall be final except for fraud and shall be the rate upon which contributions shall be computed for the calendar year for which such rate was determined, and shall not be subject to collateral

attack for any errors, clerical or otherwise, whether by way of claim for adjustment or refund, or otherwise."

It is undisputed that the corporation did not protest the assignment of the contribution rate within 30 days of the mailing of the notice, and therefore, pursuant to the foregoing statute, the rate assigned became final and was not subject to change unless some other provision of the statute gives the commissioner authority to do so.

Relator, in arguing that the commissioner had the authority to review its rate, relies on Christgau v. Fine, 223 Minn. 452, 27 N. W. (2d) 193, and the portion of § 268.06, subd. 20, which provides in part: "The commissioner may at any time upon his own motion correct *any clerical error of the department* resulting in charges against an employer's account or *any error in the computation* of an employer's contribution rate." (Italics supplied.) In 1946, when the Fine case arose, this section provided: "The director may in his discretion within six months from the date of mailing such notice order a redetermination or review of any benefit charge or rate determination." Minn. St. 1945, § 268.06, subd. 20. We held, therefore, that because the director had the authority to proceed on his own motion to order a redetermination or review of a contribution rate at any time within 6 months after assignment for any reason, he could not rule that he had no jurisdiction to review a rate determination within that 6-month period even though the 30-day appeal period had passed. In 1947, the legislature amended the statute, reducing the 6-month period to 60 days. L. 1947, c. 600, § 7. In 1951, the statute was amended further to limit, as it is codified today, the commissioner's power to proceed on his own motion at any time only to correct clerical errors of the department or errors in computation. L. 1951, c. 442, § 2.

The error in this case was of classification due to the failure of relator to supply the department with information that would have rendered it eligible for a transfer of its predecessor's experience record and to its failure to apply for such a transfer, compounded by its failure to file a written protest within the period of time provided by the statute. Thus, the erroneous rate did not result either from a clerical error of the department or from an error in computation, and the commissioner has

no jurisdiction under any statutory provision relied upon to redetermine the rate.

Since relator has paid money which presumably it did not owe, and the fund has received money to which it might not be entitled, this result appears to be unjust. However, from the clear and unambiguous language of the statutes—which we cannot disregard under the pretense of pursuing the spirit of the law,[1] which is to reward an employer achieving stability of employment—we are compelled to hold that the commissioner has no authority to reexamine or redetermine the contribution rate assigned to an employer absent an application for transfer of a predecessor's experience record or a timely protest.

Any extension of the commissioner's authority in the respect urged is solely a legislative prerogative, undoubtedly involving a balancing of the policy objective of our employment security laws against the need for stability in the compensation fund.[2]

Affirmed.

---

[1] Minn. St. 645.16.

[2] All statutes of limitations may at times seem to require unjust results, but they are based on a legislative determination that such results are more than compensated for by the necessity of putting all controversial matters to rest within some reasonable period of time. Thus, at least two other courts have held that the expiration of a short, specific period to appeal from an employer's contribution rate determination precluded recourse to a general review provision of an unemployment compensation act which was more liberal than that contained in Minn. St. 268.06, subd. 20. Acme Engineering Co. v. Jones, 150 Ohio St. 423, 83 N. E. (2d) 202; Wymont Co. v. Unemployment Comp. Comm. 128 Mont. 501, 278 P. (2d) 208. See, also, State ex rel. Boone County Coal Corp. v. Davis, 133 W. Va. 540, 56 S. E. (2d) 907 (dicta). But see, contra, Higgins, Inc. v. Walker (La. App.) 129 So. (2d) 840, 153 So. (2d) 580, amended and affirmed, 172 So. (2d) 152, certiorari denied, 247 La. 674, 173 So. (2d) 540; Bowman v. Department of Labor & Industry (Pa.) 60 Dauphin Co. 310 (vitiated by statutory amendment, Laws of Pa. 1951-2, P. L. 1580, § 12, as amended by Laws of Pa. 1953, P. L. 1397, § 3. See, Daystrom, Inc. v. Batt, 10 Pa. D. & C. [2d] 39, affirmed, 390 Pa. 586, 136 A. [2d] 116; Stetler Auto Co. v. Bureau of Employment Security [Pa.] 69 Dauphin Co. 242, appeal dismissed, 10 Pa. D. & C. [2d] 482).