IN RE CONTRIBUTION RATE FOR 1973 OF
FINGERHUT CORPORATION v.
DEPARTMENT OF EMPLOYMENT SERVICES.

238 N. W. 2d 604.

January 9, 1976—No. 45595.

*Faegre & Benson, Erwin M. Goldstein,* and *Dale E. Beihoffer,* for relator.

*Warren Spannaus,* Attorney General, *Peter W. Sipkins,* Solicitor General, *Peter C. Andrews,* Assistant Attorney General, and *Frank W. Levin,* Special Assistant Attorney General, for respondent.

Heard before Sheran, C. J., and Todd and Yetka, JJ., and considered and decided by the court en banc.

PER CURIAM.

Relator brings certiorari to review an order of the Commissioner of Employment Services denying relator's request for a correction of its 1973 rate of contribution to the Minnesota Unemployment Compensation Fund on the ground that the commissioner had no jurisdiction to redetermine such rate since relator had not timely appealed from its initial determination. We affirm.

Fingerhut Corporation (Fingerhut) was incorporated and commenced business in Minnesota in 1969. On its first day of business it acquired all of the outstanding stock of Fingerhut Manufacturing Company (FMC). Thereafter, effective Decem-

ber 29, 1972, FMC was merged into Fingerhut. A certificate of merger was filed with the secretary of state on December 21, 1972. On January 30, 1973, both corporations filed their quarterly contribution reports with respondent. FMC's report was marked "Final Return", and in the "Changes During Quarter" section, it stated, "Consolidated into Fingerhut Corporation."

On January 31, 1973, notices of the 1973 rate were mailed to both corporations assigning a rate of 3.60 percent to Fingerhut and a rate of 2.30 percent to FMC. On March 26, 1973, Fingerhut forwarded to respondent a report to determine liability dated March 23, 1973, which affirmatively requested transfer of FMC's experience rating to its account. This was deemed by respondent to constitute Fingerhut's first request for a consolidated rate, as well as its first protest of the 1973 rate assignment. By letter of April 19, 1973, respondent notified Fingerhut that while a consolidation of its accounts with those of FMC had been approved for years subsequent to 1973, such consolidation would not affect Fingerhut's 1973 contribution rate.[1] Relator protested the disallowance. After hearings, the referee affirmed the disallowance on the grounds that the commissioner had no jurisdiction to assign a lower rate. The referee's report was affirmed by the office of the commissioner and we issued certiorari to review.

Minn. St. 1971, § 268.06, subd. 22, provided that "[f]or experience rating purposes, one or more employing units * * * shall upon application be deemed to be a successor entitled to the transfer of the employment experience record [of its predecessor]." Subd. 20 of the same statute provided that a review of the assigned contribution rate might be obtained by an employer if he files a written protest within 30 days from the date the notice of contribution rate was mailed. Subd. 20 further provided: "The commissioner may at any time * * * correct * * * any error in the computation of an employer's contribution rate."

---

[1] Fingerhut was assigned a rate of 3 percent for 1974.

Relator admits that it did not file a timely notice of protest as required by Minn. St. 1971, § 268.06, subd. 20. However, it argues that the assignment to it of a 3.60-percent contribution rate was an "error in the computation" and hence subject to correction by the commissioner "at any time."

The semantic distinction between "computational errors" and other kinds of errors need not be discussed in this case since we find that the assignment of the 3.60-percent contribution rate did not result from *any* error on the part of the department, but rather from relator's failure to make the application for the transfer of its predecessor's record called for by subd. 22 prior to the department's calculation and notification of the 1973 contribution rate.

Relator argues that the merger documents it filed with the secretary of state's office and the employer's quarterly contribution report it filed on January 30, 1973, should be deemed to comply with the statutory application requirement. However, we rejected this identical argument in the case of Vavoulis v. In re Contribution Rate of Electronic Develop. Co. 282 Minn. 318, 164 N. W. 2d 377 (1969). The facts of the instant case are not distinguishable from those involved in the Vavoulis case. Therefore, the rule enunciated in Vavoulis—that the commissioner has no authority to reexamine or redetermine the contribution rate assigned to an employer absent a timely application for transfer of a predecessor's experience record or a timely protest —clearly mandates an affirmance of the decision below in the present case.

Affirmed.

MR. JUSTICE ROGOSHESKE took no part in the consideration or decision of this case.