**LEISURE HILLS OF GRAND RAPIDS, INC., Appellant,**

v.

**Leonard W. LEVINE, Commissioner of Department of Human Services, et al., Respondents.**

**No. C6–84–1968.**

Court of Appeals of Minnesota.

April 16, 1985.

Review Denied July 11, 1985.

Samuel D. Orbovich, Broeker & Grant, Bloomington, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Elizabeth Cutter, Sp. Asst. Atty. Gen., St. Paul, for respondents.

Heard, considered and decided by POPOVICH, C.J., and NIERENGARTEN and CRIPPEN, JJ.

**OPINION**

POPOVICH, Chief Judge.

Appellant attempted to appeal per diem medical assistance rate adjustments before

the Department of Human Services (DHS). The DHS refused to allow the appeal because it was filed more than 30 days after notification of the adjustments. *See* Minn.R. 9510.0140 (1983). Appellant's suit for declaratory and injunctive relief was dismissed for failure to state a claim upon which relief can be granted. We granted discretionary review and reverse.

## FACTS

Appellant operated a nursing home in Grand Rapids, Minnesota. Appellant participated in the medical assistance program, a state and federal program which provides medical care for needy persons. The DHS was responsible for setting nursing home per diem medical assistance rates. These rates were to be set in accordance with Minn.Stat. §§ 256B.41–.51 (1982) and Minn.R. 9510.0010–.0480 (1983).

Appellant submitted year-end cost reports for fiscal years 1979 to 1981 to the DHS. These reports were used by the DHS to determine per diem medical assistance rates for fiscal years 1980 to 1982. The DHS then conducted a verification field audit of appellant's cost reports. Appellant received a draft report of the verification audit. The letter accompanying the draft report invited appellant to submit comments which would be considered by the DHS before the report was finalized.

The DHS later sent a final field audit report to appellant. On December 2, 1983, the DHS notified appellant of rate adjustments which were a result of the verification field audit. The letter stated: "Any appeal of this determination must be filed within 30 days of this notification."

Appellant appealed the rate adjustments on January 24, 1984. The DHS refused to process or docket the appeal asserting it had no jurisdiction to review an appeal filed after the 30 day limit contained in Minn.R. 9510.0140, subpt. 2.

Appellant sued the DHS seeking declaratory judgment and injunctive relief. The trial court dismissed appellant's complaint for failure to state a claim upon which relief can be granted. Appellant appealed.

## ISSUES

1. Can an appeal be taken from an order dismissing a complaint for failure to state a claim upon which relief can be, granted?

2. Did the DHS have jurisdiction to hear a per diem rate adjustment appeal filed after the 30 day time limit of Minn.R. 9510.0140?

## ANALYSIS

1. Appellant claims this appeal is proper under Minn.R.Civ.App.P. 103.03:

> An appeal may be taken to the Court of Appeals:
>
> \*    \*    \*    \*    \*    \*
>
> (e) from an order which, in effect, determines the action and prevents a judgment from which an appeal might be taken \* \* \*.

*Id.*

Prior to the enactment of the new Rules of Civil Appellate Procedure, effective August 1, 1983, an order dismissing a complaint for failure to state a claim was appealable because it was an order involving the merits of the action. *See Royal Realty Company v. Levin*, 243 Minn. 30, 66 N.W.2d 5 (1954); *see also* Minn.R.Civ. App.P. 103.03(d) (1982).

An appeal from an order involving the merits of the action or some part thereof is no longer authorized. *See* Minn.R. Civ.App.P. 103.03. Without such authorization, an order of dismissal is not an appealable order. *Locke v. Henry*, 273 Minn. 491, 493–94, 141 N.W.2d 736, 737 (1966).

Generally, "an order of dismissal is but an order upon which judgment may be entered, and [the] appeal should be from the judgment." *Bulau v. Bulau*, 208 Minn. 529, 530, 294 N.W. 845, 846–47 (1940).

The order dismissing appellant's complaint for failure to state a claim does not prevent entry of judgment. Therefore, an appeal cannot be based upon it. We did,

however, grant discretionary review to examine the merits of this appeal.

■ 2. An agency is deprived of jurisdiction to review its decisions if a timely appeal is not filed as required by statute. *In re Contribution Rate for 1973 of Fingerhut Corporation v. Department of Employment Services*, 306 Minn. 516, 518, 238 N.W.2d 604, 606 (1976); *Vavoulis v. In re 1965 and 1966 Contribution Rate of Electronic Development Company*, 282 Minn. 318, 164 N.W.2d 377 (1969); *Department of Employment Security v. Minnesota Drug Products, Inc.*, 258 Minn. 133, 104 N.W.2d 640 (1960); *Larson v. Christgau*, 234 Minn. 561, 51 N.W.2d 63 (1952); *Erickson v. Super Valu*, 343 N.W.2d 698 (Minn. Ct.App.1984).

■ The appeal procedures set forth in Minn.Stat. § 256B.50 do not apply to this case. Minn.Stat. § 256B.50 was enacted as part of a new rate-setting system which replaced the Minn.R. 9510 rate-setting procedures on July 1, 1983. The Minn.Stat. § 256B.50 appeal procedures apply to Minn.R. 9510 appeals filed after May 1, 1984. 1984 Minn.Laws ch. 641, § 21. Since appellant filed its appeal on January 24, 1984, Minn.Stat. § 256B.50 is not applicable.

■ The enabling legislation of Minn.R. 9510.0140 does not provide that an untimely appeal jurisdictionally bars review. *See* Minn.Stat. §§ 256B.04, subd. 2 (1982); 256B.27 (1983); 256B.41 (1983). The legislature did not divest the DHS of jurisdiction to review rate adjustments after a given time period. *Id.* The DHS cannot, therefore, limit its jurisdiction through rule making. *Cf. Christgau v. Fine*, 223 Minn. 452, 27 N.W.2d 193 (1947) (division of employment and security had jurisdiction to review contribution rate appeal filed after 30 day appeal period but before six month discretionary review period had elapsed). The legislature, not the DHS, determines the scope of the DHS's jurisdiction. *Id.* The DHS had jurisdiction to review the disputed rate adjustments.

**DECISION**

The trial court's order dismissing appellant's complaint for failure to state a claim is reversed. We remand to the Department of Human Services to review the per diem rate adjustments.

Reversed and remanded.